ALFRED S. CURTIS

*v.*

HORACE L. SAGE.

1. PLEADING — *declaring upon written instruments.* A declaration described a deed by giving its date, and the names of the parties to it, and then said, "which deed is in the following words and figures," and then followed these words in brackets, "[here insert the deed]." In such a condition of pleading, the deed need not be inserted *in haec verba,* in the declaration, but can be used in evidence on identifying it as the deed to which reference was made.

2. CONTINUANCE — *upon amendment of the declaration.* But the insertion of the deed itself in the bracketed space, could not operate as a surprise to the defendant, and thereby entitle him to a continuance, for the count specified the deed by its parties and its date.

3. AMENDMENT OF DECLARATION — *at what stage of the suit allowed.* And *semble,* it is not error to allow the declaration in such case, to be amended by inserting the deed at large, even after issue joined and some of the jurors are called for the trial.

4. STATUTE OF FRAUDS — *of parol contracts not to be performed within a year.* Where a party received a conveyance of land, in consideration of which he promised to pay off and discharge an incumbrance upon the premises, which would not mature, by the terms of the note given by the grantor for the debt thereby secured, until after a year from the time the grantor's promise was made, it is *held,* such a promise is not to be classed among those, which may, by some contingency, be performable within the year, for the reason that under no possible contingency, could the grantor acquire a right of action for a failure on the part of the grantee to perform his promise, within one year after the promise was made.

5. Such a promise is distinguishable from one made to pay money as soon as the promisor received the proceeds of a debt which would not be due for two years; for in such case he might receive the money sooner, and whenever received, a right of action would at once accrue to the party to whom the promise was made.

6. ˙ But where a contract is completely executed on one side at the time of making it, as was the case when the deed mentioned was delivered, and all that remains to be done on the other side is the mere payment of money, then the statute will not apply merely on the ground that the money was not to be paid within one year.

7. And the fact that the money was to be paid to an incumbrancer, instead of the party to whom the promise was made, directly, would not take a case out of the principle of the rule.

8. If anything else is to be done, however, besides the payment of money, the statute would apply. And it is in cases of this sort, that courts have held that. the original contract could not be introduced in evidence even in reference to the *quantum* of damages, but that the recovery must be had upon a *quantum meruit.*

9. Moreover, in this case, the jury found an express promise by the grantee to pay off the incumbrance specified in his deed; such a promise is not within the statute of frauds.

10. ERROR — *objectionable instructions will not always reverse.* Although some of the instructions given to a jury may be liable to some slight objection, yet, if the merits of the case were fully before the jury, and they could not have been misled to the prejudice of the party complaining, and justice has been done, as appears from the whole record, the judgment will not be reversed merely because of the faulty instructions.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

This was an action of assumpsit commenced in the court below by Horace L. Sage, as the vendor, against Alfred S. Curtis, as vendee of certain real estate, to recover for a breach of an alleged parol agreement made by Curtis, on the sale, to pay off and discharge certain incumbrances thereon, which he failed to pay, and which being secured by the individual notes of Sage, he was compelled to pay.

The declaration set forth a special agreement, and also contained the common counts. The defendant pleaded the general issue. After the jury was impannelled to try the cause, the plaintiff asked leave to amend his declaration, which the court allowed, and the defendant excepted, and moved for a continuance of the cause by reason of the alleged materiality of such amendment. This motion the court refused, and exception was taken. The character of the amendment allowed to be made will be understood from the following statement of the condi-

tion of the pleadings at the time. The second count in the declaration, set forth that on the 29th day of September, 1858, one Charles F. Camp claimed to be the owner of certain real estate (describing it), upon which there existed at that time certain specified incumbrances; and that on the 20th day of May, 1857, "the said Charles F. Camp, together with Weltha Ann Camp, his wife, executed and acknowledged and delivered to the plaintiff their certain deed, which deed is in the following words and figures : (here insert the deed). That in and by said deed the lands therein described were by the said Camp and wife conveyed to the plaintiff," and that in consideration of such conveyance the plaintiff undertook and promised to pay off and discharge certain incumbrances then existing upon said lands. That the plaintiff borrowed the money to pay off said incumbrances, and to secure the repayment of the same, gave his note therefor, and a mortgage upon certain real estate. That afterwards, the plaintiff and his wife conveyed certain lands by deed to the defendant, who, in consideration thereof, undertook and promised to pay off and discharge the debt so incurred by the plaintiff as aforesaid, for borrowed money. Then it is alleged that the defendant failed to fulfill his promise in that regard, and by reason thereof, the plaintiff was compelled to pay the debt himself.

The amendment which was allowed to be made to the declaration, consisted in filling the bracketed space containing the words, "here insert the deed," with a full copy of the deed.

The amendment being made, the cause proceeded to trial. The case as developed by the testimony is this : the plaintiff and his wife conveyed certain lands to the defendant; upon those lands there existed at the time certain incumbrances, and for the debts thereby secured the plaintiff was also individually liable. In consideration of the conveyance to him the defendant promised the plaintiff, by parol, that he would pay off and discharge those incumbrances. The debts on account of which the incumbrances were created, were not due and payable until after a year from the time the defendant's promise was made. The defendant did not pay the debts, and by reason of his neg-

lect in that regard, the plaintiff was compelled to pay them himself, and in this consists the cause of action. The defendant insists the plaintiff ought not to recover, because his promise was by parol and not to be performed within a year, and therefore, he alleges, it is within the statute of frauds; and whether this proposition is correct, is the principal question presented in the case. The verdict was for the plaintiff; a new trial was refused, and judgment was entered against the defendant, who, thereupon, sued out this writ of error. He alleges, also, that there was error in permitting the declaration to be amended, and in refusing to continue the cause in consequence of the amendment.

Mr. T. G. Frost, for the plaintiff in error, upon the principal question, argued as follows:

The contract, as insisted by the plaintiff below, is in substance as follows: The plaintiff below had given his note for $1,000 to a party in Chicago, on the 1st day of October, A. D., 1858, and payable two years from its date, and payable more than one year from the making of the agreement between these parties sued on in this case, with ten per cent. interest per annum thereon; this agreement in this case having been made on the 12th day of February, A. D., 1859. The parties exchanged lands and the defendant below agreed at the time to assume and pay the obligation of the plaintiff below, being the note above mentioned to the payee, viz.: the $1,000, and ten per cent. interest per annum thereon for the two years. The gist of the breach is not a failure to discharge an incumbrance, as the incumbrance was on the defendant's own land, and he could do as he pleased as to the clearing it of incumbrances or letting it be sold to pay them; but it was the neglect and refusal to pay the note of the plaintiff in error to the payee. Such a contract is clearly void under the statute, as by its terms it is not to be performed within one year from the making thereof. The whole circumstances of the case and situation of the parties are to be taken into view in determining

what the agreement was, because it is not merely what was expressly stated, but also what was necessarily implied, that makes the contract.

The defendant below was to step into the plaintiff's shoes, to assume and discharge the obligation of the plaintiff and to pay his debt. This was the precise object and intention of the parties; whatever rights and privileges the plaintiff below had by the terms of *his* contract, the defendant below was to have under *his;* whatever liabilities and duty the plaintiff below was subject to, the defendant below was bound to perform. This would be the legal *import of such a contract* in any event, but in this case this was the main object and controlling feature of the entire transaction between the parties. If the parties meant anything, this is exactly what they did mean by this arrangement. Was this agreement, by its terms and by the fair intent of the parties, to be performed within one year? Aside from the refinement of argument sometimes adopted by the courts to avoid the statute it would seem to be a very *plain question*. That the agreement is not by its terms to be performed within a year, and therefore within the statute, is evident from the following considerations:

1. The obligation of the plaintiff below was not and could not be performed within a year, and the legal effect of the parol agreement was to bind the defendant to do just what the plaintiff was bound to do — to pay the debt at its maturity, not before, not after, and to pay ten per cent. interest thereon till its maturity — a period which could not arrive till after the expiration of more than one year from the making of the parol contract.

2. No action could be maintained by the plaintiff below on this parol promise till after the lapse of more than a year from the making, *i. e.* till the maturity of the note. This shows that by the fair interpretation of the contract, defendant below was under no obligation to pay till the maturity of the note, and that he was to have till that time to pay both the principal and the interest. If the meaning of the contract was that the defendant below was to pay *instanter and procure the*

*discharge at once* of the plaintiff's obligation or within a *reasonable time*, and he actually assumed *such a risk* and undertook such a responsibility, then it is conceded the contract is not *within the statute*, but it will admit of no such construction; the parties never meant any such thing, nor does the declaration count upon or assume any such *view* of the *contract*.

3.  The defendant below was just as much bound to pay the interest as the principal, and for the entire two years. Now, if he is to pay before the maturity of the notes, and within the year, he is not only bound to pay the interest before it is *due*, but before it has accrued, in advance, and even interest accruing after the principal has been paid, which is an absurd and unreasonable construction of the contract; the creditor is no more bound to relinquish his interest than his principal.

4.  The defendant below had no right to pay the note before it was due; he could not compel the creditor to take the money, nor insist on any such right, as against the plaintiff below.  The plaintiff below, knowing he was himself bound to pay at maturity, and that he could not pay before, must be supposed to have intended to bind the defendant below to the same obligation, making the obligation of the defendant below precisely correspondent to, coincident and coextensive with his own.  He might have made a *different contract* in this *respect*, but he chose not to do it.  The action may be maintained on this promise, if valid, by the creditor himself (see 4 Gil. 48; 21 Ill. 194, and cases cited), even though not privy to the contract; but suppose, for the sake of argument, he had been present at and privy to the making of this contract and a party to it, and *precisely the same contract had been made*, except he became a party to it, could the defendant below, for anything appearing in this transaction, insist that the creditor, having been a party to it, could be compelled to take his money, principal or interest, before it was due?  Clearly not.  This, then, settles the legal effect of the agreement.  The fact of the creditor being a party to it does not change its legal import and effect in this particular.

If neither the creditor (nor the defendant below, in the case supposed), could insist on payment before the two years, then the plaintiff below could not insist on it, or claim that, by the terms of the agreement, the demand is payable by the defendant below before that time, or that it is either the right or duty of the defendant below to pay the note prior to its maturity. Nothing in the terms of the contract indicated that the defendant below was to procure the discharge of the plaintiff below from his obligation in any other way than by payment of the debt at the time and in the manner he was bound to pay it. A tender of the debt by the defendant below to the creditor before it was due, would not have been a good plea, for that would not have discharged the plaintiff below, and hence it could not discharge the defendant below, and yet if the plaintiff's position be sound, and the note had been payable in specific articles instead of money, a tender before maturity would have absolutely discharged the debt as between the parties. The creditor, though not privy to the contract, by suing as he may, affirms it (21 Ill. 198). Would a plea of tender before the note was due, be, in case the payee or creditor had sued, a good plea? Manifestly not. Again, this is not a mere contract to indemnify the plaintiff below against damages which he might sustain, though the main object, doubtless, was to relieve the plaintiff from the payment of this note, and all anxiety relative thereto, but the plaintiff below demanded *more* than a *mere contract* of *indemnity against damages*, to an action upon which *non damnificatus* would be a good plea in answer to the action. He exacted of the defendant below *an express promise to pay the debt*, and upon failure to pay, an action would lie, and *non damnificatus* would be no answer to it, and the measure of damages would be the entire amount of the note and interest, and that, too, whether the plaintiff below ever paid a cent or not. 1 Hill, 145 ; 3 Denio, 321, 324, 325. It is, in fact, immaterial on such a contract whether the obligation of the plaintiff to the third person is legally binding or not, or whether there is any obligation at all, and it is a mere voluntary gift like that of a father to a child, in which case it has been held, the child may main-

tain the action, although there is no legal consideration as between a father and child. The consideration moving between the father and the defendant, the contracting parties, being sufficient, the plaintiff below having obtained from the defendant below a promise to pay in this case, whether the plaintiff below can be legally compelled to or not (that being none of the business of the defendant below), or whether there even ever existed a debt or not, could in any event enforce it and recover the purchase-money agreed to be paid in this way, just as well as though payable by the contract to himself directly. The right of recovery and the measure of damages does not depend on the fact of the plaintiff below being liable to the third person, or of his being damnified, but upon the considerations moving between the parties to the contract, and for which and on account of which the defendant below was bound to pay, and fulfill his promise according to its terms.

"In debt on bond to pay a sum of money for the plaintiff on a bond and mortgage executed between third. persons, and to save the plaintiff harmless, &c., held a breach, alleging merely that the sum became due, &c., and not paid at the day, was well assigned, though it did not show that the plaintiff had been actually damnified. Such a bond is *more than* a bond of indemnity. It imposes a positive obligation to pay at the day." *Thomas* v. *Allen,* 1 Hill, 145, and cases, English and American, there cited; also in 17 Johns. 339, 479; *Wolfe* v. *Bell,* 1 Thorn. 93; 3 Denio, 321; again, in *Churchill* v. *Hunt,* 3 Denio, 321, 324, 325. The marginal note is as follows, viz.: "Upon a bond, conditioned to save harmless and indemnify the obligee against his liability, as the maker of a promissory note, then held by a third person, and to pay the same or cause it to be paid, the obligee may, without having paid anything, recover the amount of the note, against the obligor upon his failure to pay the holder." In this case the court says, "upon such an obligation the right of action becomes complete on the defendant's failure to do the particular thing he engaged to perform; when the covenant is to pay the plaintiff's debt, it is enough to show that it was not paid at the stipulated time. The plaintiff

need not go further and show that he has himself paid the demand, or been otherwise damnified by the defendant's neglect to perform his engagement."

These principles are settled in the case of *Thomas* v. *Allen,* which is fully sustained by the authorities there referred to, and the point adjudged admits of no doubt, and on page 325, "the plaintiffs were undoubtedly entitled to recover the amount of the note and interest thereon — for to that extent the condition of the bond was express and absolute. 17 Johns. 239, and cases cited; 7 Wend. 499. To this extent a recovery of damages was proper, *although* nothing had been paid on the note by the plaintiff; nor had they in any other manner been actually damnified by the refusal of the obligees to make payment of the note according to the agreement." Authorities might be multiplied to any extent on the same point.

These principles are not material on the decision of the question under consideration, except so far as they tend to illustrate the force, effect, and meaning of the contract in question. It is not enough in this case, that the plaintiff below is not and cannot be compelled to pay the note (if such was the case), *and that the plaintiff below is discharged even.* The defendant below does not perform the contract till he pays the note, he has no right to inquire whether the plaintiff below is legally liable or not. The force or essence of this contract is, *to pay the note and interest* at maturity, and this by the terms of the agreement was not to be done within the year. Considerations of *honor or affection* as well as a sense of legal liability may operate to induce the plaintiff below to desire the defendant below to pay the debt, and it is no answer to the action when the defendant below is sued, for him to say to the plaintiff below, you can never be compelled to pay the debt, or, you have become discharged or it is barred by the statute of limitations; the obligation of the defendant below can only be fulfilled by payment of the debt. Is, then, this contract, being by parol, void under the statute of frauds? This depends entirely upon the simple question, whether the contract is by its terms to be performed within one year from

the making thereof? If not, it is void and no recovery *can be had upon it*. The ruling of the court on the trial, the instructions to the jury, and the verdict, are erroneous. If our construction of the agreement is correct, the contract is *incapable of performing*, according *to its terms, within the year, and hence is void*. It is, however, insisted on the part of the plaintiff below that there is a possibility of performance within the year. The creditor may consent to accept payment of his debt before it is due, and the defendant below may pay it before that time. The same may be said, and in the same sense, of almost every contract that has been adjudged to be contrary to this clause of the statute of frauds. The parties may, by waiving its provisions or *changing its terms*, make it performable within the year, but there it is a different contract and changed from a contract contrary to the statute, to one in *conformity with it*. The possibility of performance *within the year contemplated by the statute and the authorities*, is a possibility of performance according to the *terms of the contract and in accordance with its provisions unchanged*, and not the possibility of performance by waiving its provisions and modifying its terms by the acts and mutual consent of the parties themselves after the contract has been made, so as to change it from a contract by its terms not to be performed within the year, to one to be performed within that period, and performing it according to this subsequent modification.

In short, the contingency which is to save the contract from the operation of the statute, must be a contingency existing in the contract, predicable of it, created originally by it, and inhering in its terms, and *not a mere contingency* that *the parties* may change *their minds and alter the contract* and make one that *is legal*. This distinction distinguishes this case from those cited by the plaintiff below, and relied on to save this contract, and runs through all the cases cited on both sides, and is well expounded in the following language, and found in Brown on Frauds, viz.: "The statute finding them (the parties) perfectly free to make a certain contract, without a writing, provides simply that if that contract does, by its terms expressed,

or from the situation of the parties *reasonably implied*, require more than a year for its performance they must put it in writing" (page 281, sec. 279). Also on page 283, sec. 285 : "When the manifest intent and understanding of the parties are that the contract shall not be executed within the year, the mere fact that it is possible that the thing agreed to be done, may be done within the year, will not prevent the statute from applying. Physical possibility is not what is meant when it is said that if the verbal contract may be performed within the year it is binding, or, to speak exactly, it is not enough that the thing stipulated may be accomplished in a less time, but such an accomplishment must be an execution of the contract according to the understanding of the parties." When a party agrees to perform an act on the *death* or *marriage* of *another*, or upon the happening of any other event which may occur within a year, or when, by the death or marriage or other event which may occur within a year, the necessary consequence is, and it is necessarily implied in the contract, that it may be performed within a year (although it may not), the contract is not within the statute, because it cannot be said to be legally incapable of performance within the year according to its tenor. The case in 10 Peters, 73, is simply and solely the case of *contingency* of the death of the party contemplated by the terms of the contract, as the time of performance depended on the time of his death when his will is to take effect by which he agreed to bequeath an annuity, and might happen within the year. The case in 11 Metcalf, page 411, was a case depending on a similar contingency, the death of *the party*, and in that case the court say : "That in the case at bar the contract might have been wholly performed within a year, it was a personal engagement to forbear certain acts. It stipulated nothing beyond the *defendant's life*. It imposed no duties upon his legal *representatives*, as might have been the case under a contract to perform certain positive duties." "Any stipulation or contract looking beyond the *year* depended *entirely upon* the *contingency* of the defendant's life, and this being so the case falls in the class of cases in which it has been held that *the*

*statute does not apply.*" The case in 5 Hill, 200, though at first blush it might seem to bear some analogy to the case in question, is clearly distinguishable from it upon the very distinction for which we contend, viz. : That it was a contingency existing by the very *terms* and *language* of the contract itself, that made it possible to be performed within the year and not a mere physical possibility outside of the contract itself, although the verdict and judgment for the plaintiff below on the contract were in that case set aside on other grounds under another branch of the statute of frauds. The court does incidentally remark upon the application of this branch of the statute of frauds and dispose of the question in a very few words, using this language, viz.: "Archer was to pay Zeb so soon as the mortgage money should be paid to him. That may have been within a few *days* or *months*, if he and the mortgagors had chosen so to arrange the matter. The share belonging to McDuffie, which was the surplus after Archer got his pay, was to be paid to Zeb (McDuffie's creditor), would in such an event, by the *terms of the agreement*, have been due. To bring a contract within that part of the statute of frauds relating to the time of performance, the contract must be necessarily incapable of performance within a year." This is every word the court says on the subject. Though the mortgage was not due within a year, in this case just cited, the defendant's liability in no respect depended upon the time when the mortgage money became *due.* Its becoming due did not affect his liability one way or the other; when the money was paid the plaintiff was entitled to it, whether the mortgage was due or not, and if the money was not paid the action was not maintainable, even though the mortgage was past due. This was the express contract of the parties to pay over, not when the *mortgages became due,* but when they were actually paid, which might be instanter. Now the contract in this case is just the contrary, viz.: to pay *when the note falls due,* not when the plaintiff below paid it, nor at any time whatever, except at the very day it was due with the interest accrued, for the whole period of two years. There was no contingency

3 — 35th Ill.

about it; the day was fixed, definite and certain, depending on no contingency or uncertain event or act of any other person whatever, instead of, as in the case cited, depending on the time some third person shall make a certain payment. In one case the contingency is contemplated by and made an element of the contract, and in the other case it is no part of the contract, but entirely outside of it. To further illustrate the distinction between the two contracts, a declaration upon the one contract, would, after averring the contract, state the fact of the collection or payment of the mortgage and the non-payment by the defendant. In the other case, after stating the contract it would aver the non-payment at maturity, &c. This alone under the authorities cited shows a breach. The default in the one case rests on the non-payment of the money after collection, and on the other non-payment after maturity. So as to the proof on the trial. In one case on proof of collection before or after due, defendant is liable. In the other case the defendant is liable when the original demand is due, not before. In one case defendant says: I will pay you when I collect the money, whether it is before or after the debt is due. In the other case, I will pay the debt when due (a year elapsing before maturity). In the first case it is not within the statute, in the other it is. 7 Cow. 264; 10 Johns. 244; 1 Salk. 250; Shaw, 353; Wilt. 326; 3 Brown, 1268; 1 Bl. 353; 1 Cow. on Cont. 87, 88; 1 Hill, 128; 13 Wend. 308; 1 Denio, 602; 2 id. 87; 5 Hill, 200; 10 Peters, 73; 1 Sm. L. C. 437; 3 Hill, 128; 2 Hill, 486; 2 Johns. 221; 19 N. Y. 299; 19 Ill. 576; 2 Denio, 87; 11 East, 159; 11 id. 59; 1 Ld. Raym. 316; 1 Pars. on Cont. 529, 530, and note *c. e.*; 2 Pars. on Cont. 316, 318 and notes, 319, 340; 20 Maine, 119; 3 Exch. 623; 19 Pick. 364; 1 Vesey, 326; 15 Maine, 14 and 85; 6 Vesey, 30; 1 Pick. 331; 1 Metc. 483; 2 Johns. 224.

Messrs. Douglas & Craig, for the defendant in error.

In this case no time was fixed for the payment of the incumbrances. The contract is not within the statute of frauds. In order to bring the case within the statute, the contract must

show by its express terms that it is not to be performed within the year. *Peter* v. *Compton*, 1 Smith Leading Cases, 432, side paging 143; *Cherry* v. *Heming*, 4 Exchequer, 631; *Kent* v. *Kent*, 18 Pick. 569; *Peters* v. *Westborough*, 19 id. 364; *Blake* v. *Cole*, 29 id. 97; *Roberts* v. *Rockbottom Co.*, 7 Metc. 46; *Souch* v. *Strawbridge*, 2 C. B. 808; *Clark* v. *Pendleton*, Thompson, 20 Conn. 495; *Derby* v. *Phelps*, 2 N. H. 515; *M. Lees* v. *Hale*, 10 Wend. 426; *Plimpton* v. *Curtiss*, 15 id. 336.

An agreement which even provides *prima facie* for a performance beyond the year, will not be invalidated by the statute, if it can be fulfilled in less than that period under any possible circumstances consistently with its terms. *Lyon* v. *King*, 11 Metc. 441.

Even where by the terms of the agreement it is not to be performed within the year, and is so contemplated by the parties, still it is not within the statute if by any contingency it can happen within the year. In other words, it is not only necessary that it shall be specifically agreed that the obligation is not to be performed in a year, but the obligation must be impossible of performance within the year. *Ellicott* v. *Turner*, 4 Maryland, 476; *Howard* v. *Bergin*, 4 Dana, 137; *Foster* v. *M. O. Blenis*, 18 Mo. 88; *Wells* v. *Horton*, 4 Bing. 40; *Thompson* v. *Gordon*, 3 Strob. 197; *Moore* v. *Fox*, 10 Johns. 244.

In this case no time is fixed. A very refined argument is made to prove that this contract was to pay at maturity of the note, which would not occur in one year. It is conceded that if the agreement was to pay in a reasonable time, then it would not be within the statute. That is the agreement. In this case we have to determine it from the language of the parties and the proof. The defendant agreed to pay, and no time is fixed. What is the rule in determining the time for the performance of an obligation, when the parties fix no time? It certainly is that it shall be done within a reasonable time. But they seek to introduce the obligation, *aliunde* the agreement, and incorporate it into the contract as fully as though the defendant had signed such an obligation, and made the agreement that he was

to pay at the maturity of the note. Surely, this was not the contract; neither will the court, for the purpose of enabling the defendant to avoid his contract, honestly made, and for which he is fully compensated, incorporate another and outside agreement into the contract of the parties. I know of no rule that permits this, unless by the express agreement of the parties it is so made by reference thereto, and so expressly stated.

It is said by the plaintiff in error that the contingency must be in the contract to take it out of the statute. In 5 Hill, 200, the mortgage was due in more than a year, and the agreement was to pay when that was paid. There was in that case no more a contingency than there is in this; still it was held not to be within the statute, because the parties might waive the letter of the contract and pay within the year, and so they might in this case.

The statute does not avoid the contract where the consideration of the contract or promise is fully executed. *Donellan* v. *Reed*, 23 Eng. Com. Law, 3 Barn. & Adol.; *Rake's Adm.* v. *Pope*, 7 Ala. 171; *Johnson* v. *Watson*, 1 Kelly, 348; *Souch* v. *Strawbridge*, 2 C. B. 888; Brown on Statute of Frauds, sections 286, 287, 288, 289, 290 and 291.

In this case all that ever was to be done by Sage was done at the time, and the land was conveyed. If $5,000 worth of goods are purchased in New York and delivered, and payment to be made in eighteen months, and no papers pass, can the statute be set up in bar of a recovery? I say not. It is also decided that a contract is not within the statute which can be executed on either side within the year, even though it must remain open on the other side much longer. *Holbrook* v. *Armstrong*, 1 Fairfield, 31; *Donellan* v. *Reed*, 23 Eng. Com. Law, Barn. & Adol. 899.

In like manner, where the contract was for the payment of a sum of money as soon as a certain mortgage should be discharged, it was held that although the mortgage would not be due for more than a year, the case was not within the statute. *Artcher* v. *Zeh*, 5 Hill, 200.

This contract sued upon was capable of performance within the year. A payment of the amount of the incumbrances to Sage or Hamilton would have discharged the obligation.

In this case, within the cases cited, there was a contingency depending upon the fact whether the mortgagees would have received the money on the mortgage if offered by Curtis. His ability to pay to them depended upon their willingness to receive the money. They might have been willing to receive it; if so, he could have paid it and discharged the obligation within the year. Like some of the cases cited, depending upon the life of a person, it might or might not be that they would be willing to receive the money.

The plaintiff in error endeavors to distinguish between this case and the case of *Artcher* v. *Zeh*, 5 Hill, 200. In that case Artcher was to pay Zeh as soon as a certain mortgage was paid to him. The mortgage was not, by its terms, due in a year. In the case on trial the promise is to pay, without any time being fixed; but they say the debt to be paid was not, by its terms, to be paid in one year. Hence, by incorporating two contracts together they seek to make the promise redeemable after the year. In the case in Hill, the promise was to pay when the mortgage money was paid. The money was not due in the year. Here, in their reasoning, the time was fixed outside of the year, a much stronger case for their position than the case on trial. In the case on trial no time was fixed for the performance; so that in law it must be performed within a reasonable time, and that elapsed before suit.

Mr. JUSTICE BREESE delivered the opinion of the Court:

It is assigned as error on this record, that the Circuit Court allowed the plaintiff to amend his declaration after the commencement of the trial, and after some of the jurors had been called, and denying the motion of the defendant for a continuance by reason of that amendment.

To determine whether this error is well assigned, and as it is preliminary to the consideration of the merits of the case, we

must understand the condition of the pleadings at the time, and the character of the amendment.

In one of the counts of the declaration, reference was made to a certain deed, giving the names of the parties to it and date of the deed in "the following words and figures." In brackets' were these words [here insert the deed]. The amendment consisted in filling the bracketed space with a full copy of the deed. This insertion of the deed itself could not operate as a surprise on the defendant, for the count specified the deed by its parties and its date. It need not have been inserted, in *haec verba*, in the declaration, but could have been used as evidence on identifying it, as the deed to which reference was made.

We have given as much time as we have had at our disposal to the examination of this record, which is very voluminous, to get at the real merits of the case, and have come to the conclusion that we could not better dispose of it than by adopting the opinion of the learned judge who tried the cause, delivered on overruling the motion for a new trial, and which is preserved in the record, and referred to by the counsel for the plaintiff in error. It embraces the principal features of the case, and meets our full concurrence.

That learned judge says: "An examination of the cases cited in the briefs of the counsel has satisfied me that this promise is not to be classed among those which may, by some contingency, be performable within the year, for the reason that, under no possible contingency, could the plaintiff have acquired the right of action on this promise within one year after the promise was made. This fact distinguishes this case from the case in 5 Hill. There the money was promised to be paid as soon as it was received on the mortgage, and, although the mortgage was not due for two years, yet it might have been paid sooner, and whenever paid, a right of action at once accrued to the plaintiff in the suit. But in the case before us nothing could occur which would give a right of action on this promise within a year after it was made. But, in investigating the case, I have come to the conclusion that the above considerations are imma-

terial, for the reason that the contract was executed on the part of the plaintiff as soon as made, and that, therefore, the statute (of frauds) does not apply.

This is a matter entirely distinct from the question of part performance. While the latter consideration arises only in equity, it seems the settled rule, outside of the State of New York, that if the contract is completely executed on one side at the time of making it, and if all that remains to be done on the other side is the non-payment of money, then the statute shall not apply merely on the ground that the money was not to be paid within one year. If anything else is to be done besides the payment of money, it is true the statute would apply. And it is in cases of this sort, that the courts have held that the original contract could not be introduced in evidence, even in reference to the *quantum* of damages, but that the recovery must be had on a *quantum meruit*.

In the case of *Donellan* v. *Read*, decided in the Queen's Bench in 1832, and reported in 3 Barn. and Adol. 899, the court says, " as to the contract not being to be performed within the year, we think that as the contract was entirely executed on one side within the year, and as it was the intention of the parties that it should be so, the statute does not apply. In case of a parol sale of goods it often happens that they are not to be paid for in full till after the expiration of a longer period than one year ; and surely the law would not sanction a defense on that ground, when the buyer had had the full benefit of the goods on his part."

This case is quoted in Browne on the Statute of Frauds, p. 288. He discusses the doctrine in sections 286, 287, 288, 289, 290 and 291, and although, indirectly, not satisfied with the rule, and disposed to consider it of recent introduction and not well settled, yet he admits that it is the recognized rule of the English Courts, the last case being in the Court of Exchequer in 1849.

He also says it is recognized in Maine, Massachusetts, and in the Southern and Western States, and quotes the cases, but is not recognized in New York.

As the weight of authority is clearly in favor of the rule, and as it seems to be founded in good sense, I am disposed to follow it in this case.

The fact that, in this case, the money was to be paid to an incumbrancer, instead of to the plaintiff directly, would not take the case out of the principle of the rule."

We have examined the cases cited in this opinion and they fully sustain it. The case referred to in Brown's Treatise on the Statute of Frauds, as decided in 1849, is the case of *Cherry* v. *Heming and Needham*, 4 Exch. by Welsby, Hurlstone and Gordon, 631. The American cases referred to, sustain the doctrine of the English cases.

In addition, we may say, the jury found an express promise by the plaintiff in error to pay off the incumbrances specified in the deed. Such a promise, is not within the statute of frauds.

We do not deem it necessary to examine, particularly, the many instructions given or refused on which exceptions were taken, although some of them may be liable to some slight objection, yet the merits of the case were fully before the jury, and they could not have been misled to the prejudice of the plaintiff in error, and they have done justice, as appears by the whole record.

The judgment must be affirmed.

*Judgment affirmed.*