## Harry Hodgens v. Christian Shultz.

·1. STATUTE OF FRAUDS—*Contracts Not to be Performed Within a Year When Executed by One Party.*—An oral subscription to pay $950 in five annual payments of $70 each, where the contract of subscription is performed by one party within the year, leaving nothing to be done by the other party but the payments of the installments as they become due, is not within the statute of frauds.

2. SAME—*Application of the Statute to Contracts Executed on One Side.*—Where a contract is entirely executed by one party within a year from the time it is made and nothing remains but the performance on his part by the other party, the statute of frauds does not apply.

Assumpsit, on an oral contract of subscription. Appeal from the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

KIRKPATRICK & ALEXANDER and J. H. HANLEY, attorneys for appellant.

GRIER & STEWART, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in assumpsit brought by appellee to recover $140 for two installments of a verbal subscription or agreement alleged by him to have been made by appellant, to pay $350 in five annual payments of $70 each, for the purpose of securing the location of the postoffice in a certain district in Monmouth, Illinois.

The declaration contained only the common counts to which the general issue was interposed by appellant. There was a verdict and judgment in favor of appellee for $140, to reverse which this appeal is prosecuted. It appeared from the evidence that in the fall of 1895 the government desired to lease a suitable room for a postoffice in the city of Monmouth, and advertised for bids therefor. The term was five years, rent payable quarterly, the government

retaining the right to terminate the lease on ninety days' notice. Several locations in the city competed for the office, among others South Main street, where appellant was located in business. At the time, there was also on South Main street what was known as "the burnt district," located between First and Second avenues. This district extended 150 feet along South Main street, the north 106 feet being owned by the "Shultz estate," in which appellee was interested. Appellee undertook to secure the location of the postoffice on said street, and to assist in paying the rent therefor, solicited subscriptions from various parties doing business in that locality. He first secured a verbal subscription of $250 from appellant to be paid in five annual payments of $50 each. Appellant claims that afterward by reason of competition it became necessary to increase the amount contributed to assist in paying the rent and that appellant thereupon agreed to increase his amount $100. The postoffice was located on "the burnt district," just north of the property owned by the Shultz estate, where appellee erected a building for it, into which the office was moved June 7, 1896. Appellant afterward refused to reduce his subscription to writing, or to make any payment upon the same, and after two installments were claimed to be due, this suit was brought. There is some discrepancy in the statements made by the parties as to where the postoffice building was to be located. Appellee swears that he told appellant it was to be located on South Main street, between First and Second avenues, while appellant swears it was to be located on South Main street on the property of the Shultz estate, on "the burnt district." The actual location of the postoffice was adjoining the place, appellant says, it was to be located, a portion of the party wall extending onto the property of the Shultz estate in "the burnt district." There was also a question between the parties as to the amount agreed to be paid by appellant. We think the evidence upon these questions was sufficient to sustain the verdict of the jury in favor of appellee.

On the trial appellant offered to prove statements made by appellee as to the proposed location to other persons,

but the testimony upon that subject was excluded by the court. Appellant insists that this action of the court was erroneous. The conversations proposed to be proved do not purport to have been made in the presence of appellant and do not, we think, tend to throw any light upon the conditions of the agreement between the parties. They were therefore properly excluded.

Appellant complains that the court refused seven of the instructions offered by him. These refused instructions set up a defense based upon the statute of frauds, on the theory that the contract was not to be performed within a year. We do not think the case is within the statute of frauds for the reason that the portion of the contract to be performed by appellee was to be, and was in fact, completed within a year.

In the case of Curtis v. Sage, 35 Ill. 22, it was held that where the contract was executed on one side at the time of making it, and all that remained to be done on the other side was the payment of money, the statute would not apply merely on the ground that the money was not to be paid within one year. The same case cites approvingly the case of Donellan v. Read, 3 Barn. & Adol. 899, where it is said, " As to the contract not being performed within the year, we think that as the contract was entirely executed on one side within the year, and as it was the intention of the parties that it should be so, the statute does not apply."

In the case of Fraser v. Gates, 118 Ill. 99, it was held that the case was not within the statute of frauds for two reasons, the first of which was that the contract on one side had been fully executed. In Am. & Eng. Ency. of Law, Vol. 8, page 692, it is said that " in England and most of the United States it is held that the statute of frauds applies only to contracts which are not to be performed on either side within a year." The Circuit Court was therefore fully justified in refusing the instructions in question.

We think the case was properly submitted to the jury upon the instructions given and are satisfied with the conclusion at which they arrived. The judgment of the court below is therefore affirmed.