The opinion of the Court, after lome days deliberation; was delivered by the Chief Juftice, .in the following terms; •
 

 ■ Eelsworth,
 
 Chief JaJUcc.
 
 This caufe comes up on a bill of exceptions,.on the face of vvh'ch three exceptions appear.
 

 1. Firll, that bills of exchange, which had been non-accepted,’ and protefted for non-payment, were admitted in evidence
 
 unaccompanied by protejis for non-acceptance'.
 

 According to a'general rule, laid down by this Court; in the cafe of
 
 Barry
 
 and Brown, from Virginia, .and from which rule there'appear no fpecial circumftances to' exempt the prefent. cafe, this exception will not Hold;
 

 2. A further exception is, that the Judge in his charge to the Jury, held, that the two letters from the Defendants to the Plaintiff below, of the 20th and '21ft of-
 
 January
 
 1796, which werefetup to’prove an undertaking, or guarrantee,
 
 might
 
 ⅜
 
 explained by parol tcjlimony
 
 ; of which kind of teftimony fonie had palled to the jury, without objedliojn, but for what purpofe does not now appear,, as there were divers Counts; feme of which parol teftimony might have fupported.
 

 The undertaking declared upon, in the Count, to which the verdidl applies, being for the duty of another, it muft; to fave it from the llatute of frauds, and.perjuries, be in writing, and
 
 wholly
 
 fo. The. two letters, therefore, yvhicH are’ relied upon as th$ written agreement, cannot be added to, or varied, by
 
 pa-rol
 
 teftimony. Nor can they be fo far
 
 explained
 
 by parol tefti-mony, as to affedl their import, with regard to the fuppoled
 
 *425
 
 Undertaking. The charge then, of the Judge, that “ they might be explained by parol teftimony,” expreffed as a general rule, and without any qualifications, or reftri&ions, was too broad ; and may have milled the .jury. . On this ground there muff be a reverfal. •
 

 3. It is, therefore, unneceffary to decide the remaining quef-tioir—Whether the two letters did, of themfelve.s, import an undertaking, or guarrantee ? It may be proper to fuggeft, however, that a majority of the Court, at prcfent, incline to the opinion that they do not.
 
 *
 

 Judgment reverfed, and a
 
 Venire de novo
 
 awarded.
 

 *
 

 I h^tve undei’floodj that the CnirV Jcjt/ce, and Clshíno
 
 rJuf»P€^
 
 ■were for the affirmative and I:;t un i,, Paterson*, and WashinIgA
 
 tost, jujures,
 
 were for the negative, ap-fwer, on the third queftioin