### O'HARA v. HALL.

#### *Parol evidence.*

Parol evidence is admissible to explain, but not to alter, a written contract.

In an action by the assignee of a bond, against the assignor, upon a written assignment, in general terms, parol testimony is not admissible, to show that the defendant had expressly guarantied the payment.

CASE. This was an action brought by the assignee of a bond, against the assignor, upon a written assignment, in general terms. On the trial, *Ingersoll*, for the plaintiff, offered parol testimony to show that the defendant had expressly guarantied the payment of the bond. *W. Tilghman* objected, that as the contract of the parties was in writing, no parol testimony could be admitted, on a trial at law, to vary its expressions and import. *Ingersoll* replied, that wherever there is an oral misrepresentation, at the time of a sale or transfer, even though the principal bargain is reduced to writing, the misrepresentation may be proved. A court of equity would, in such case, grant relief; and even the courts of law are now accustomed to regard actions on the case, like the present, as bills in equity. (*Moses* v. *Macferlan*, 2 Burr. 1005; 1 Dall. 428.)

CHASE, Justice.—You may explain, but you cannot alter, a written contract, by parol testimony. A case of explanation implies uncertainty, ambiguity and doubt, upon the face of the writing. But the proposition now, is a plain case of alteration: that is, an offer to prove by witnesses, that the assignor promised something, beyond the plain words and meaning of his written contract. Such evidence is inadmissible; and has been so adjudged by the supreme court, in *Clarke* v. *Russell*, 3 Dall. 415. As to the authority of *Moses* v. *Macferlan*, it has always been suspected, and has *341] lately been overruled, on the principle, *that the previous decision, there brought into question, was pronounced by a competent court. I grant, that chancery will not confine itself to the strict rule, in cases of fraud and of trust. But we are sitting as judges at common law; and I can perceive no reason to depart from it.

PETERS, Justice.—If we were sitting as judges in a state court, I should be inclined to admit the testimony, in order to attain the real justice of the cause; as there is no court of equity in Pennsylvania. But there is no such defect in the federal jurisdiction; and therefore, when the party comes to the common-law side of the court, he must be content with the strict common-law rule of evidence.