4 U.S. 294 (____)
4 Dall. 294
Crousillat
versus
Ball.
Supreme Court of United States.

*296 For the plaintiff, E. Tilghman, Du Ponceau, E.S. Burd, and Dallas.
For the defendant, Ingersoll and Rawle.
YEATES, Justice, delivered the charge of the Court, to the following effect.
In this action, evidence has now been given upon a ground distinct from any, that was taken on the former trials; and the only question to be decided is, whether the cargo insured was lost by the barratry of the master?
Barratry is an act committed by the master of a vessel, of a criminal nature, without the license, or consent of the owner. There must be fraud in the transaction; a selfish and sinister design, for the master's own interest; for, if the act is done solely to benefit the owner, it does not constitute barratry.
It is the province of the jury to decide upon the credit of the witnesses, and the amount of the evidence. The enormity of the doceur, the lapse of time, and other circumstances, are calculated to excite doubt and suspicion. If, however, the jury think, that the captain meant to take the premium, for covering the property, to his own private benefit, in exclusion of his owner; and not, in the first instance, to pay it to the owner, expecting from him a gratuitous compensation, or reward; the act of barratry is proved, and the plaintiff must recover; unless the evidence shall satisfy the jury, that the captain was the general agent and consignee of the plaintiff, and acted as such. In that case, the law is equally clear, that the acts of a general agent, cannot, any more than the acts of the principal himself, be denominated barratry.
The other objections that have been made by the defendant's counsel, appear to be satisfactorily answered, in the course of the evidence and the argument. The proof of interest in the cargo is strong; and most clearly, the case is not a case of illicit trading, within the meaning of the warranty. The nature of the *297 indirect intercourse with New-Orleans, a Spanish colony, was well known to the underwriters; and, in truth, the trade would not be illicit, if it was fairly carried on. Even, in that respect, therefore, the objection cannot be sustained; and as it respects the violation of neutral character, it is the very ground of the plaintiff's right to recover, if the violation was committed, for the private purposes of the master of the vessel. For, here we repeat, the sole question to be decided, is, whether the master, in breach, or evasion, of his orders, did a fraudulent act, in the course of the voyage, tending to his own benefit, and to the prejudice of his owner? If he did, the verdict must be for the plaintiff. If not, or if what he did, was in the character of a general agent, the verdict must be for the defendant.
Verdict for the plaintiff.