Judge Owsley
delivered the opinion of the court.*
Notwithstanding the term may have elapsed, at which the final decree of eviction was pronounced, and although Smith and Dennison may have secured the possession of the land, yet their having agreed that Walton should have every advantage and privilege which he might, under the law, have claimed before a change of the possession, upon the principles decided by this court, in the case of Craig and Majors, 1 Marshall, 187, we have no doubt their motion for the ap *26 pointment of commissioners under the occupying claimant law, did not come too late.
Commissioners under the occupying claimant law may be appointed at a term subsequent to the judgment of eviction, and the rendition of possession.
Hardin for plaintiff, Haggin contra.
The decree of the court below, therefore, as it appears to be predicated exclusively upon the hypothesis of the motion not having been made in due time, cannot be sustained; and, consequently, the order of that court, overruling the motion, must be reversed with cost, the cause remanded to that court, and if, upon further enquiry, Smith and Dennison shew themselves to come within the occupying claimant law, commissioners must be appointed, and such other and further proceedings had as may be consistent with this opinion.

 Absent, Judge Rowan.