The opinion of the Court was delivered by
Gibson J.
The first three bills of exceptions contain exactly the same point and may be considered together. The *14 plaintiff having given in evidence from the defendants’ book produced on notice, two entries by which he had received a'credit for work and labour done ; the defendants offered in - evidence two other entries in a different page in the same book, and of á date subseqdent to the commencement of the suit, which were rejected ; and this is the first error assigned. The rule that books produced on notice and used, ¡become evidence against, as well as for, the party calling for them, seems to rest on the same grounds as that which requires the whole of an admission or confession to be taken together to shew the exact meaning of the part relied on ; and if so, it must be subject to the same limitations. The only thing peculiar to it is, that the books need not be actually used ; for if inspected with'a view to be used, they are, it is said, equally evidence for both sides : the reason is, that it would give an unconscionable 5advantage, to enable a party to pry into his antagonists affairs, for the purpose of compelling him to furnish evidence against himself, without, at the same time, subjecting him to the risque of making whatever he inspects, evidence for both parties. Reciprocity therefore appears to be the ground of the distinction. But the distinction itself has been denied, and, it seems to me, for reasons drawn from analogy, .which render the' argument almost insuperable. ■ The notice, is a means employed in the room of a bill of discovery, for' getting at evidence in the power of the opposite party, and only a different mode of arriving at the same end ; and whether the evidence is disclosed by answer on oath, or produced on notice without it, can make no difference, except that it .receives a sanction from the oath in the first case, which is wanting in the latter: yet the answer in chancery, with this additional claim to respect, is confessedly1 evidence only for the party who has obtained it. Indeed the distinction does not, at the present day, seem to.be conclusively established either in this country or elsewhere : as may be seen in a note to Clarkson v. Vanhorne, 1 Johns. 394. But where books and papers are produced and used, there' is no doubt but proof of authenticity is -dispensed with, and that they are in evidence for both parties. In the case of books, however, which necessarily contain a variety, of distinct and unconnected matters, the rule must be subject to limitations as to the extent of its operation. It cannot be pretended that the party pro- *15 during them, will be enabled to use them for the purpose of introducing matter impertinent to the issue, or indeed any other fact which they would not be competent to establish if the usual introductory evidence of authenticity had been previously given. Here the defendants were, for all purposes of explanation, entitled to the benefit of every thing necessarily connected with the entries relied on by the plaintiff, which their books contained at the time the suit was brought;, but entries made afterwards, could avail them on no principle of evidence or reason. There would be little value in evidence thus procured, and, indeed, an end to proceeding by notice altogether, if after the suit was brought, and, it might be, notice actually received, the adverse party could sit down and make entries at pleasure, and insist on having these admitted to avoid the effects of previous entries, or to charge his antagonist on new and distinct grounds. It would be most unjust to say a party should neither use the entries in his adversaries books, nor give parol evidence of their contents, Unless in connection with whatever the latter might choose to subjoin.
But it is contended that the whole ground of error should appear on the face of the bills of exceptions ; and that as the plaintiff gave no evidence of the day of issuing the writ, or at least as no such evidence was introduced into the bill of exceptions, it cannot now judicially appear that the entries were of a date subsequent to the inception of the suit. It however appears from the record, that they were made after the term to which the action was brought. The object of the statute was to enable a party to bring on the record what would not otherwise appear; and although the plaintiff in error must confine himself to the objection taken at the trial, insomuch that no evidence will be intended to have been given which does not expressly appear, still the court are supposed to have had the record before them, and to have taken notice of the term to which the writ was returnable. By our practice, the bill of exceptions is part of the record, and always comes up with it; and for that reason the Judge is never called on to acknowledge his seal, which is necessary only where the bill of exceptions has not been tacked to the record. Clarke v. Russell, 3 Dall. 419. (in note), Bull's N. P. 317. Here the whole exception sulfi *16 ciently appears of record; and I am of opinion the entries insisted on by the defendant, were properly excluded.
The second assignment of error relates to the rejection of two depositions, taken on separate commissions obtained by the defendants, and in which the plaintiff filed cross interrogatories. In one case the objection was, that the witness had not answered one of the defendant’s own interrogatories, and that he had been examined and had answered generally to the cross interrogatories; and in the other, that only two out of five of the cross interrogatories appeared to have been either put or answered. It is too clear for argument that this evidence was properly rejected. The person employed to take the deposition was exclusively the commissioner of the defendants, and as it does not appear that any one attended on the part of the plaintiff, there is no ground to presume that any of his interrogatories were waived. It was therefore the business of the commissioner, distinctly to put to the witness all the questions proposed by the parties, particularly those of him against whom the evidence was to be used, and separately to note the answer to each. The witness is not sworn in chief but to answer the interrogatories which accompany the commission; and if the answers are noted in mass, it cannot satisfactorily appear that the opposite party has had the full benefit of a cross examination. The commission is, at best, but an imperfect means of extracting the whole truth, and one which, when not guarded by severe restrictions, is liable to be much abused. It is therefore no more than just that he who recurs to it, and whose duty it therefore is to see to its execution, should derive no benefit from it wherever there is the least room to suspect that every thing has not been fully complied with. In this matter Courts should never relax; for an adherence to form is the only security for a due attention to substance, and the only safeguard of the opposite party’s rights. Here it is scarcely pretended that the execution of the commission was not defective ; but it is argued that the proper course would have been, to move before the trial to have the depositions suppressed, and that an omission to do this was a waiver of every irregularity: but in this State, the practice of taking the exception at the trial is too firmly established to be questioned.
Judgment affirmed.