The opinion of the court was delivered by
Tilghman, C. J.
This is an action brought by M‘Kim and Armstrong against Peter Summers for carpenters’ work done by the plaintiffs for the defendant, in a house in the county of Lancaster. Several bills of exception were taken by the defendant’s counsel, to evidence offered by the plaintiffs, on the trial in the Court of Common Pleas, and on these bills the cause is now before us.
The first exception was to a paper offered by the plaintiffs, containing an account of the particulars of their work, with the measurement of the same, and the price of each particular. ' It was proved by George Engle, that he measured the work, and set down the price according to a book of rates established by the corporation of the city of Lancaster. And it was proved also, by Alexander Miller, that in his opinion, the price fixed by the book of rates was reasonable. But there are insuperable objections to this evidence. The book of rates was, in itself, no evidence; because the corporation of Lancaster had no authority to regulate the prices of work. And even supposing these prices propér, in the city, they might not be proper for work done in the country; Alexander Miller did indeed swear, that he thought the prices reasonable. But he never saw the work done by the plaintiffs, and therefore could be no judge of the reasonableness of the Lancaster prices, applied to that work. And as to George Engle, the measurer, he did not say whether he thought the prices reasonable or not, nor does it appear that he was supposed to be a judge of such matters: so that if the paper offered by the plaintiffs had gone to the jury, it would be unsupported by the oath of any person, proving the prices charged for the work done by the plaintiffs to be reasonable. I am of opinion, therefore, that it ought not to have been admitted.
The second exception must follow the fate of the first. If the paper was not evidence, it was, of course, not proper that the jury should take it out with them.
*410 The third bill of exceptions contains two distinct points. The first point is on the admissibility of the deposition of George Leech. Several exceptions were made to this evidence, but there was one which was decisive; and as it involves a principle of great importance in practice, I am glad that an opportunity is offered to the court of settling it. This deposition was taken under a rule of court before a justice of the peace of Clearfield county, but it was drawn up in the city of Lancaster from the mouth of the witness, by Mr. Hopkins, counsel for the defendant; and then sent to Clearfield county, and sworn to there. Now, although the character of the counsel, in the present instance, puts him above all suspicion of unfair dealing, yet it would be a practice of mosf dangerous tendency, if depositions so taken, were to be admitted as evidence. The counsel of the party producing the witness, is the last person who should be permitted to draw the deposition, because he will naturally be disposed to favour his client, and it is very easy for an artful man, to make use'of such expressions as may give a turn to the testimony, very different from what the witness intended. I know that depositions are sometimes taken in this manner by consent of parties; and when the counsel on both sides are present, the danger is not so great. But, in the present case, there was no consent, nor was the counsel of the plaintiffs present. The rule of court is, that the deposition shall be taken before a justice. It ought therefore to be reduced to writing, from the mouth of the witness, in the presence of the justice, though it need not be drawn by him. And in case of difference of opinion, in taking down the words of the witness, the justice should decide. In chancery, if the counsel of one of the parties draws the deposition, before the witness goes before the commissioners, it will not be permitted to be read in evidence. 1 Harr. Ch. 360. This certainly is a good rule. The taking of testimony by deposition is, at best, but a very imperfect way of arriving at the truth. Every precaution should therefore be taken, to guard against abuses. It is very clear to me, that the mode in which the deposition of George Leech was taken is subject to great abuse, and should be put down at once. I am of opinion, therefore, that it was very properly rejected.
The second point in the third bill of exceptions is as follows: The plaintiffs called for a certain paper in the possession of the defendant, which was produced. The plaintiffs’ counsel inspected it, and finding something more in it than they expected, they asked permission to read a part of it in evidence. This was objected to by the defendant, and refused by the court, on which the plaintiff’s counsel declined reading any part. The defendants’ counsel then insisted, that the plaintiff, by calling for the paper and inspecting it, had made the whole of it evidence, and'offered to read it. To this the counsel for the plaintiffs objected, and the court sustained the objection, and refused the evidence. On this sub *411 ject the law does not seem to be settled. It has been sometimes said, that the party who calls for papers in the possession of his. adversary, and inspects them when produced, makes them evidence, and cannot object to their being read. Bdt the adoption of this as a general rule may be attended with great inconvenience, and sometimes produce great injustice. One may know that his adversary has a paper in his possession, by which a certain material fact may be established. He therefore calls for it. But on inspection, he finds that an addition has been made to the paper, containing other matters very injurious to him. There seems no reason why he should be compelled to admit the whole as evidence. If he declines reading any part, the party producing it is left just as he was before it was produced. In the case of Kenny v. Vanhorne and Clarkson, 1 Johns. 396, Spenceh, J., who delivered the opinion of the court, expressed great doubt whether the inspection of the paper called for made it evidence, against the consent of him who called for it; and remarked, that the calling for a paper resembled a bill in chancery for a discovery, in whieh the answer of the respondent was not evidence for himself. And in Withers v. Gillespy, 7 Serg. & Rawle, 14, it was held, that the calling for the adversary’s book of accounts, did not make the whole book evidence, but only such parts of it as had a relation to the part which was read. In the present instance, it appears that the paper produced by the defendant, on the call of the plaintiffs, contained something which they had no reason to expect, and whieh could not have been given in evidence by the defendant. In such ease, without laying down any general rule, I think it most conducive to justice to permit the plaintiffs to waive the reading of it, and leave the defendant to make such use of it as he law-' fully may, without regard to the call which was made on him. There was no error therefore in the opinion of the Court of Common Pleas.
The fourth exception was to the rejection of the defendant’s book of entries, offered in evidence by himself. This book contained an account kept by the defendant of the number of days the plaintiffs worked for him. Very little need be said on this point. There was not even a plausible pretence for this evidence. It was not the defendant’s business to keep an account for the plaintiffs.. He might do it for his own satisfaction, but not for the purpose of fabricating evidence for himself. .The reason for admitting the original book of entries of a man who keeps an account of goods sold by himself, or work done by him, in the usual course of his business, is founded on a principle altogether different. I am of opinion that the evidence was properly rejected.
The fifth and sixth bills of exceptions have nothing in them, and I understood were abandoned on the argument. The evidence offered by the defendant, and mentioned in those two bills, was not relevant. It was of no importance to the issues on trial, what *412 was the value of Wilmington and Brandywine batik notes, or whether the plaintiffs paid to other persons notes of the Centre and Juniata banks for a debt which they owed, or what was the value of such notes.
I have now gone through all the exceptions. The first only has been supported. In all other respects the decision of the Court of Common Pleas was correct. For the error in the first bill of exceptions, the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.