Ruffin, C. J.
 

 The bill, we think, cannot be sustained* There is no trust to discharge this debt, or in favor of the plaintiff's
 
 mminatim,
 
 and their counsel admit, that they can only claim by subrogation to the rights of Freshwater, who, they say, was the surety for the plaintiffs’ debts and is secured in the deed from loss by his liability. It is true, that between creditors and sureties there is the right, that one of them shall communicate to the other the bene* fit of all collateral securities. But the misfortune of the plaintiffs is, that here the instrument is not a security for this debt, but only provides an indemnity for Freshwater against loss upon his liability for Wright, which, in truth, amounts to nothing, as Freshwater was not under any liability of the kind. It is true, the assignment says, he had given Wright a letter of credit to the plaintiffs, on which they had furnished goods to a certain amount; and, if the letter had not been in existence and the cause stood upon the contents of the deed alone, it would be a fair inference, that a letter was really given, upon which the plaintiffs might have held Freshwater liable, and therefore might have insisted on being substituted directly to his right to indemnity out of the property. But that is not the state oí the case, and Wright was mistaken ; for the letter of Freshwater, on vvhich the plaiutiffs Sold the.
 
 *30
 
 goods, is produced, and it is plainly not a letter of credit, in which Freshwater undertakes any thing for Wright, but a representation merely of his opinion of the other’s solvency and punctuality. It is not an engagement at all; and, indeed, as there is no intimation of
 
 mala jides
 
 on his part, he must be taken to believe what he said, and, therefore, no recovery could have been made from Freshwater on it in any form. Of course, Freshwater could not have been damnified, and therefore he could not demand, that the fund should be applied to the plaintiffs’ debt for his relief, nor paid to him as an indemnity, if he had voluntarily paid the plaintiffs. Freshwater, then, had no interest in the fund in this respect, to which the plaintiffs could be subrogated; and, consequently, the plaintiffs cannot rely on the deed as a specific security for his debt, but must come in as a general creditor in the Court of bankruptcy.
 

 Per Curiam.
 

 Bill dismissed with costs,