JOSEPH B. EATON & others *vs.* J. MAYO.

Suffolk. Nov. 10, 1874. — June 28, 1875. WELLS & DEVENS, JJ., absent.

The defendant delivered the following letter to the plaintiff: "Let" M. " have what goods he may want on four months, and he will pay as usual." *Held,* that this was not a guaranty; and that, there being no ambiguity of meaning in the paper, there was no occasion to resort to the surrounding circumstances or the relations of the parties.

CONTRACT upon an alleged guaranty contained in the following letter delivered to the plaintiffs, dated Gloucester, May 5, 1870, and signed by the defendant: " Messrs. Eaton, Wellington & Co. Let C. S. Mayo have what goods he may want on four months, and he will pay as usual."

At the trial in the Superior Court, before *Dewey*, J., a clerk of the plaintiffs testified that about May 5, C. S. Mayo called and selected a bill of goods at the plaintiffs' store in Boston; that they were not then delivered to him; that he declined to sell him the goods unless he brought a guaranty; that on May 7, he brought the said paper, and thereupon the goods, to the amount

of $260.83, were delivered to him on a credit of four months, to recover payment for which this action was brought. There was no evidence that the defendant, at the time of his signing the paper, had any knowledge of the conversation between the clerk and C. S. Mayo. In September, soon after the bill became due, the plaintiffs called on C. S. Mayo for payment thereof. On October 9, they wrote the defendant that the bill had not been paid, this being the first communication made to him after the receipt of his writing of May 5. On October 21, 1870, the defendant wrote the plaintiffs the following letter : " Gentlemen, Your statement is received ; and in reply to your statement, would say that Mr. C. S. Mayo has not said anything to me about paying your dues. He has one hundred and thirty barrels of mackerel in Boston stored, mostly No. 1 fish, and they are not sold as yet on account of the market — holding on for a better price. Mr. Elwell D. Woodbury of this town does his business for him. I expect him home soon, and he will attend to your account. I have two barrels in the lot No. 1, — got nothing yet." The defendant was a brother of C. S. Mayo ; and in May, 1869, he wrote the plaintiffs a letter, requesting them to deliver to C. S. Mayo such goods as he might want, and saying that the defendant would be responsible if C. S. Mayo failed to pay therefor. Upon the receipt of this letter, goods were delivered to C. S. Mayo, which were subsequently paid for by him.

The defendant contended that the plaintiffs could not maintain this action, on the ground that the writing made by the defendant was not a guaranty ; and that, if it was a guaranty, the defendant was not liable, he not having received any notice that his guaranty had been accepted, and credit given upon it, until after the credit of the four months had expired, and the bill was overdue. By the agreement of the parties, these two questions were reported for the determination of this court ; if, upon the evidence stated, the plaintiffs could maintain this action, judgment was to be rendered for them ; otherwise judgment for the defendant.

*W. A. Herrick*, for the plaintiffs.

*C. P. Thompson*, for the defendant.

COLT, J. No rules of interpretation applied to the writing declared on will make the defendant liable as guarantor. The letter contains no words which can be construed into a promise by the

defendant to be responsible in any contingency for the debt of his brother. There is no ambiguity of meaning, and therefore no occasion to resort to the surrounding circumstances or the relations of the parties to ascertain the intent. At most, the writing is but an expression of confidence on the part of the defendant that his brother would himself pay for the goods he was about to purchase. *Clarke* v. *Russel*, 3 Dall. 415; *S. C. nom. Russell* v. *Clark*, 7 Cranch, 69.            *Judgment for defendant.*