RILEY McKAY *v.* JOSEPH BLACKWELL AND WIFE.

**Statute of Frauds—Oral Contract.**

A contract not to be performed within one year from the making thereof cannot be enforced unless in writing.

APPEAL FROM CARROLL CIRCUIT COURT.

February 3, 1876.

OPINION BY JUDGE PETERS:

This suit was brought by appellees to restrain appellant from cutting and removing wood and timber from the land of appellees. The defense to the action is that appellees had sold to appellant all the wood and timber within a specified boundary, including about fifty acres; that appellant had the right to cut and sell all or as much of the wood and timber within said boundary as he could sell, and was to cut and remove the same as fast as he could find sale for it, except such timber as was suitable for rails and boards; that for the wood sold within said boundary appellant was to pay appellees $500, payments to be made at the rate of 50 cents per cord as the wood was sold and removed from the land until the whole price was paid, if so much could be sold; that he was removing the wood within that boundary; and he denies that he was engaged in cutting and selling any wood and timber on appellees' land other than that included in the boundary which they had sold to him, and asks for a dissolution of the injunction.

It is conclusively shown by the evidence that Joseph Blackwell and appellant had made a verbal agreement upon the terms on which appellant was to have the wood within the designated boundary at the price of $500, to be paid as the wood could be sold and delivered, the same, as the parties contemplated, to be made to the Lexington, Louisville & Cincinnati R. Co.; and the evidence tends to the conclusion that the agreement was to be reduced to writing before it could be regarded as consummated. Sometime after the verbal agreement Blackwell prepared and sent to appellant

a writing setting forth their contract, as he insisted, for him to sign. He declined to sign it, for several reasons; one was that the boundary of the land was not correctly set forth, and another and the main objection was that the 1st of March, 1876, was fixed as the time by which the wood was to be removed, as appellant had leased the farm of appellees to the last named period, the land on which the timber was standing being a part of the leased premises. That writing, bearing date 4th of November, 1872, is made a part of Tharp's deposition; and it is proved by Tharp that appellant declined to sign the contract, mainly, as he said, because he might not be able to sell all the wood within the time allowed him therein; but he had still other objections, as that there was a stipulation that as the land was cleared up and the wood removed appellees had the right to take the land thus cleared and cultivate it; and without denying that that right constituted a part of the contract, he said it might put him to inconvenience and trouble. It appears, therefore, from the evidence that appellant declines to sign the writing evidencing the contract for the timber without having inserted in it stipulations not previously agreed upon, and variant from the verbal agreement.

The order for the injunction was made by the clerk of the Carroll Circuit Court, whose authority to grant the injunction is not disputed or questioned, but the manner of doing it is objected to. It is true that no order appears to have been made by the clerk on the petition or elsewhere except on the summons against appellant. That is somewhat informal and out of the usual course; but we cannot see why an order indorsed on the summons should not be as authoritative and as effectual as first to make the order on the petition, or on some other paper, and then copy it on the summons. No prejudice resulted to appellant from the manner in which the order was made.

If the contract relied upon by appellant was in parol, as by his own showing it was not to be performed within one year from the making thereof, it could not be enforced; and if by the terms of the agreement of the parties it was to be reduced to writing, appellant himself defeated its consummation. The evidence conduces to show that for the wood he cut Neal paid appellant.

Perceiving, therefore, no error in the judgment, the same is *affirmed*.

*W. B. & H. M. Winslow, for appellant.*

*Joseph Blackwell, for appellees.*