FAIN GROCERY COMPANY v. EARLY AND DANIELS COMPANY ET AL.

(Filed 3 June, 1921.)

1. **Frauds, Statute of—Debt of Another—Requisites of Promise—Contracts—Warranty.**

A telegram sent in good faith at the request of a debtor to his creditor that the former is reliable and that "any justifiable claims will be taken care of promptly," is insufficient to establish a contract of guaranty, or a promise to answer for the debt, default, or miscarriage of another, there being no promise to pay the debt if the debtor should not do so, but only an expression of opinion as to his responsibility concerning it.

2. **Same—Principal and Agent—Undisclosed Transactions.**

Where the plaintiff has agreed with his debtor, over the long-distance telephone, to release a consignment of hay at his depot, if payment were guaranteed by a certain firm doing business there, the defendant in the action, whereupon, without knowledge of this agreement the defendant wired in good faith to the plaintiff, in effect, that the debtor was reliable and would promptly take care of "any justifiable claims": *Held*, the debtor was the plaintiff's agent for the purpose of communicating to the defendant the agreement made between them, and, there being no fraud or collusion, the defendant is not liable for the debt.

APPEAL by plaintiff from *Long, J.*, at the February Term, 1921, of CHEROKEE.

Plaintiff claimed that J. S. Bateman & Company, of Cincinnati, Ohio, owed it. Plaintiff was holding Bateman & Company's hay, at Murphy, N. C. Bateman called plaintiff over the telephone, and plaintiff agreed to release the hay if Bateman would get Early & Daniels Company to guarantee the claim. Bateman then went to Early & Daniels Company, told them Fain did not want to pay Bateman's drafts because of some shortage claims which existed, and asked them to wire Fain of his standing. Early and Daniels Company then sent this telegram: "J. S. Bateman & Company reliable people. Any justifiable claims will be taken care of promptly." · Bateman & Company were then in business, apparently doing well, and Mr. Boss, who sent the telegram, considered him solvent, and sent the message in good faith. Plaintiff was in a position to protect itself by holding Bateman's hay. Plaintiff trusted Bateman to make a guaranty contract with Early & Daniels Company,

but Bateman did not do this. Early & Daniels Company did not know that Fain was holding the hay, nor that Fain was to release it if Early & Daniels Company would guarantee the account.

The court submitted the following issues:

"1. Did the defendant, Early & Daniels Company, falsely and fraudulently represent to the plaintiff that J. S. Bateman & Company were reliable people, and would promptly take care of any justifiable claims of the plaintiff against said Bateman & Company, as alleged in the complaint? Answer: 'No.'

"2. Did the plaintiff, upon the faith of the said representation of Early & Daniels Company, extend credit to J. S. Bateman & Company for the amount as alleged in the complaint, to wit, $291.67? Answer: 'No.' "

The court held that there was no guaranty, and upon the verdict gave judgment for the defendant, and plaintiff appealed.

*J. N. Moody, J. D. Mallonee and R. L. Phillips for plaintiff.*
*Dillard & Hill for defendants Early & Daniels.*

WALKER, J. We concur with his Honor, Judge Long, that there was no guaranty, which is a contract, or promise, to answer for the debt, default, or miscarriage of another, who is himself liable, in the first instance, for the same. *Carpenter v. Wall,* 20 N. C. (144), 279. It is in the nature of an undertaking that the thing promised by the principal shall be done and not merely an engagement jointly with the principal to do the thing. *Coleman v. Fuller,* 105 N. C., 328. The plaintiff might well have known from the face of the telegram that there was no promise by Early & Daniels Company to pay the debt themselves, if Bateman & Company did not pay it, as it contained merely a statement as to the standing of Bateman & Company, and an expression of their opinion that they would pay all just claims against them.

The following will afford sufficient illustration of the law of guaranty, as applied by the courts in actual cases: "My friend W. goes to your city for goods on a short credit. I am satisfied you will be safe in selling him any amount he may see proper to purchase. From my long acquaintance with him I do not hesitate to say he is as punctual a man as any I know." *Hardy v. Poole,* 41 N. C., 28. "The law will not subject a man having no interest in the transaction to pay the debt of another unless his undertaking manifests a clear intention to bind himself for that debt. Neither a mere request by one person that credit shall be given to another, a mere certificate to the correct moral habits of a third person, nor a mere expression of confidence that such third person will pay for goods which he is about to purchase, amounts to a guaranty." 20 Cyc., 1412 C. The following was held not to be a guaranty: "Let M. have what goods he wants on four months time and he will pay as

usual." *Eaton v. Mayo,* 118 Mass., 141. "A writing recommending another as one on whose integrity and punctuality dependence may be placed, and assuring the one to whom it is addressed that the third person will comply fully with any contract that may be entered into with him, does not import a guaranty of the performance of such contract." *Clerk v. Russell,* 3 Dall. (U. S.), 415 (1 L. Ed., 660); *Russell v. Clark's Executors,* 7 Cranch., 69 (3 L. Ed., 271). *Clerk v. Russell, supra,* would seem to be identical with this case. There the language was, "You may be assured of their complying fully with any contract, or engagements, they may enter into with you," and yet this was held not to import an undertaking or guaranty, by which the party, who used the language, incurred a personal liability. Many other authorities might be cited in support of our view, but it is needless to do so, or to pursue this subject further.

The jury found that there was no fraud practiced by Early & Daniels. They did not know what the plaintiff had communicated to Bateman & Company, and that they wished them to become responsible for the debt if Bateman & Company did not pay it. If Bateman & Company concealed the facts from the defendants, it was not the latter's fault, but the wrong of Bateman & Company, for which the defendants cannot be required to answer. Plaintiff trusted Bateman & Company, as his agents, in the matter, and must look to them for redress of any injury or grievance growing out of their wrongful act. As between two innocent parties, the one who put it in the power of another, acting in his behalf, to do the injury must bear the loss.

No error.