## Mullikin v. Miles.

(Decided September 26, 1924.)

### Appeal from Trimble Circuit Court.

1. Contracts—Agreement of Officer to Appoint as Deputy One Aiding His Election Valid.—Contract of sheriff with one aiding him in his election, to make latter deputy, if elected, is not in violation of law or contrary to good morals.

2. Frauds, Statute of—Statute Does Not Make Verbal Contracts Not to be Performed Within Year Void, But Only Unenforceable by Action.—Ky. Stats., section 470, subsection 7, does not declare oral contracts not to be performed within one year void, but only declares no action shall be maintained on them.

3. Frauds, Statute of—Oral Agreement of Sheriff to Make One Assisting Him Deputy for Four Years Within Statute.—Oral agreement of one running for sheriff to appoint one aiding him in his election

deputy sheriff for his term of four years was within Ky. Stats., section 470, subsection 7.

CHARLES CARROLL and EUGENE MOSLEY for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellee Miles was nominated and elected sheriff of Trimble county in 1921, for a term of four (4) years. While he was a candidate he entered into an arrangement with appellant Mullikin by which the latter, in consideration of aiding appellee Miles in the election, was to become office deputy in case Miles was elected sheriff, so it is averred in the petition. After the election and induction of Miles into office he appointed appellant Mullikin as office deputy, who accepted the place and entered upon the performance of the duties and continued thereat until after March 4, 1922, when, as it is averred in the petition, appellee Miles discharged him and declined to further carry out his agreement to keep Mullikin as a deputy. This action was instituted in the Trimble circuit court by Mullikin against Miles setting forth all the foregoing facts, and further averring that the contract was to continue for four years; that the services performed by appellant while acting as deputy sheriff were efficient, thorough and satisfactory, and setting forth the damage which appellant had suffered in consequence of the breach of the oral contract by appellee Miles upon which the suit was brought.

Appellee Miles filed a general demurrer to the petition and the court sustained it and dismissed appellant's petition when he declined to further plead, on the ground that the contract set forth in the pleading, being verbal and for a period of four years, was within the statute of frauds and therefore unenforceable.

For appellant it is insisted that the arrangement entered into between Mullikin and Miles is a common one throughout the country between persons seeking the office of sheriff and deputy sheriff as well as other offices, the principal announcing the name or names of his deputy or deputies and the proposed deputy aiding and assisting the principal in his candidacy for the office, and this appears to be true. Moreover, we have held such arrangements not to be in violation of law or contrary to good morals. The contract in this case, however, was, accord-

ing to the allegations of the petition, for a full term of four years. Appellee insists that such an agreement is contrary to public policy and void; that it interdicts subsection 7 of section 470, Kentucky Statutes, which provides that no action shall be brought to charge any person upon any agreement which is not to be performed within one year from the making thereof, unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing, and signed by the party to be charged therewith, or by his authorized agent.

It is urged that as the contract was verbal and was not to be performed within the year, it was embraced in the statute of frauds, above copied. The statute does not, however, declare such contracts void, but only declares that no action shall be maintained upon them. We have so held in many cases. Bowen v. Chenoa Hignite Coal Co., 168 Ky. 588; McKay v. Blackwell, 9 Ky. Op. 18; Lloyd v. Dunphrey, 9 Ky. 25; Holloway v. Hampton, 4 B. M. 415; Cumberland & Manchester R. R. Co. v. Posey, 196 Ky. 379.

It is insisted, however, that the contract under consideration might have terminated within a year, and therefore could not be held to violate the statute of frauds. It must be borne in mind, however, that the averments of the petition—and that is the test here since the case went off on demurrer—are to the effect that the contract was for a term of four years, as the sheriff was elected for that period, and that the appellant was to be his office deputy for the entire term. It was, therefore, but one contract, a single term. "An oral contract," says 27 C. J., p. 176, "which by its terms or by the understanding of the parties is not to be performed within a year, although subject to a defeasance by the happening of a certain event not within the control of either party, which might or might not occur within that time, is, by the weight of authority, within the statute of frauds. The statute looks to the performance and not to the defeat, of the contract; a defeasance within a year would not constitute a performance according to the expressed intent of the parties that performance should continue longer than a year. . . . The fact that it may be terminated, or its further performance excused or rendered impossible by the death of either of the parties, is not sufficient to take it out of the operation of the statute, even where the

parties expressly provided in their agreement for the termination of the arrangement, in case of death of either of the parties." Supporting this text are cited a great number of cases from different states, among them Holloway v. Hampton, 4 B. M. 415; Dickey v. Dickenson, 105 Ky. 748. It would seem therefore that while the contract between appellant Mullikin and appellee Miles was not void it was unenforceable because, being verbal, was inhibited by the statute of frauds. The trial court so held in sustaining the demurrer to the petition, and we concur in its judgment.

Judgment affirmed.