## Purcell v. Campbell.

(Decided Dec. 11, 1935.)

VEST & VEST for appellant.

O. B. BERTRAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

The appeal is from a judgment sustaining a demurrer to and dismissing the petition.

The facts relied on for recovery are: R. Lee Campbell and T. O. Purcell, who resided in Taylor county, were thinking of running for the Republican nomination for sheriff at the August primary, 1933. Before either of them formally announced his candidacy, they agreed in the presence of divers members of the Republican Executive Committee of Taylor county that Campbell should make the race for sheriff and Purcell should be his chief deputy, and that they should share equally in the emoluments of the office. It was understood and agreed that Purcell would use every legitimate means at his command to procure the nomination

and election of Campbell, and he carried out the agreement. Due to the arrangements between them, Campbell received the Republican nomination for sheriff without opposition, and the real fight was at the November, 1933, election. During the campaign hand cards 2″x3½″ were distributed, and large cards 11″x14″ were posted. The matter contained on the small cards and the posters, though not identical, is very similar, and that on the small cards is as follows:

"R. LEE CAMPBELL
"Republican Nominee for
"SHERIFF OF TAYLOR COUNTY
"And
"T. O. PURCELL, CHIEF DEPUTY
"Will appreciate your support and influence at the General Election, Tuesday, Nov. 7, 1933."

Thousands of the cards were distributed throughout Taylor county.

In addition to the cards and posters, a joint advertisement of all the Republican candidates was published in the November 2, 1933, issue of the Taylor County Star, a weekly newspaper published in Taylor county, promising an economical administration of the county affairs, and appealing to the voters for their support. On the advertisement appears the following:

"R. LEE CAMPBELL
"For Sheriff
"T. O. Purcell, Deputy."

At the time of the making of the contract, Purcell was part owner and employed by the Taylor County Star as advertising manager at a weekly salary of $35. With the knowledge, consent, and approval of Campbell, he arranged with a prominent Democrat by the name of Cox to procure for him, in consideration of his support of the candidacy of Campbell, the position of advertising manager for a period of four years from January 1, 1934, if his services were satisfactory, and they were satisfactory. Campbell was elected. Purcell was appointed chief deputy, resigned his position as advertising manager, and procured the position for Cox for a period of four years. Everything between him and Campbell went well for one year, when Campbell discharged him without cause. The net proceeds

of the office of sheriff of Taylor county will average approximately $4,000 per annum, and under the contract Purcell was entitled to recover of Campbell a sum equal to 50 per cent., or a total of $8,000, subject to a credit of $1,100 paid during the year 1934, leaving a balance due of $6,900.

After a demurrer had been filed to the petition, Campbell was required on motion of Purcell to file with the clerk the following checks which had been given by him to Purcell during the time that he served as deputy sheriff:

"Feb. 17, 1934      Amt.          5.60
"Mch. 5, 1934        "           30.00
"April 4, 1934       "           52.50
"May 7, 1934         "           26.82
"June 9, 1934        "           34.00
"Oct. 24, 1934       "           58.57
"Nov. 10, 1934       "          240.54    For Com.
"Dec. 10, 1934       "           24.85
"Dec. 19, 1934       "           48.40
"Jan. 7, 1935        "           82.65—½Commission for December 1934."

Campbell's agreement to appoint Purcell deputy sheriff for a period of four years being oral, and one that could not be performed within one year from the making thereof, is clearly within the statute of frauds, and therefore unenforceable. Mullikin v. Miles, 204 Ky. 541, 264 S. W. 1086; Bowen v. Chenoa-Hignite Coal Co., 168 Ky. 588, 182 S. W. 635; Kentucky Statutes, sec. 470, subsec. 7. Indeed, this much is conceded, but it is insisted that the other facts pleaded are sufficient to take the case out of the statute and also to estop Campbell from relying on the statute. The argument is that the two advertisements showing that Campbell was running for sheriff, with Purcell as his chief deputy, coupled with the checks showing that they were given for commissions, constituted a sufficient written memorandum under the statute. The general rule is that the memorandum must contain the essentials of the contract, so that they may be ascertained from the writing or writings without resort to oral evidence. Clarke v. Russel, 3 Dall. 415, 1 L. Ed. 660; Campbell v. Preece, 133 Ky. 572, 118 S. W. 373; 25 R. C. L. sec. 276. page 645. Even if the advertisements be regarded as

otherwise sufficient, they show only that Campbell was running for sheriff, and that Purcell was to be his chief deputy, and two or three of the checks show only that certain sums were paid Purcell by Campbell as commissions. In short, the advertisements and checks, whether considered singly or together, contain none of the essentials of the alleged contract, and do not constitute a sufficient memorandum.

We come next to the question of estoppel. The facts relied on are: At the time of the making of the contract with Campbell, Purcell was advertising manager of the Taylor County Star. With the knowledge, consent, and approval of Campbell, Purcell resigned and procured the position for a prominent Democrat in consideration of his support of the candidacy for Campbell. Upon being discharged he was unable to get his position back. Without discussing the legality of the arrangement with the Democrat, it is sufficient to say that the arrangement itself adds nothing to the plea of estoppel. All that we have, then, is that Purcell, in reliance upon his agreement with Campbell, gave up a position which he could not obtain after his discharge as chief deputy. This is hardly sufficient to work an estoppel. If it were, the statute, in so far as it deals with oral employments for more than a year, would be rendered ineffective. It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.