## Daniel, Sheriff v. Standard Acc. Ins. Co. et al.

Feb. 5, 1946.

Wheeler & Wheeler for appellant.

Wells & Wells for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Except as to the name of the deputy in this case, appellee, Sol Salyer, and the amounts involved in the accounts, the questions presented are identical with those this day decided in Daniel v. Standard Accident Insurance Co. and Stanaford, 301 Ky. 536, 192 S. W. 2d 483.

The Chancellor confirmed the Master Commissioner's report, and entered judgment in favor of appellee in the sum of $946.18. The report allowed appellee to recover of appellant on the following items, in the amounts set opposite thereto:

| | |
|---|---:|
| Remittances to appellant by appellee for which he was not credited on the books of the Sheriff's office | $290.00 |
| Balance due on 1938 settlement | 7.40 |
| 4% commission on resident taxes for the year 1940 | 218.92 |
| 4% commission on nonresident and corporation taxes for the year 1940 | 26.33 |
| Expenses incurred in arrest of prisoner | 10.20 |
| 4% commission on residence taxes for year 1941 (not collected by appellee) | 247.00 |
| 4% commission on non-resident and corporation taxes for 1941 (not collected by appellee) | 26.33 |
| 4 trips to Frankfort as guard (These services were not performed) | 120.00 |
| Total | $946.18 |

As explained in the opinion above cited, the commission on the collection of taxes for the year 1941, and compensation to Frankfort as a guard, improperly were allowed. This leaves valid claims totaling $552.85, for which appellee is entitled to credit in the settlement.

Appellee admitted, except for the $290 above credited to him, that he had failed to remit to appellant $660.45 of the taxes he actually collected in the year 1940. It is obvious, from appellee's own testimony, that the judgment should have been rendered against him, and the surety on his bond, in the sum of $107.60.

The judgment is reversed, with directions that it be set aside and another entered in conformity with this opinion.