## Daniel, Sheriff, v. Standard Acc. Ins. Co. et al.

Feb. 5, 1946.

Wheeler & Wheeler for appellant.

Wells & Wells for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

Appellant, Julius Daniel, was Sheriff of Johnson County in the years 1938, 1939, 1940 and 1941. Appellee, Elijah Stanaford, was one of his deputies for the entire term, although his duties were restricted, as a consequence of which his compensation was decreased from January 1, 1941, to the end of the term. Appellant instituted this action against Mr. Stanaford and appellee, Standard Accident Insurance Company, the surety on his revenue bond, to recover the sum of $266.96, which he alleged was due him by reason of shortage in the deputy's tax collection accounts. By joint answer, both appellees denied the shortage, and appellee, Stanaford, counterclaimed for certain sums allegedly due him because of appellant's failure to comply with the provisions of a contract entered into between the Sheriff and his deputy previous to the former's election. The case was referred to the Master Commissioner, who heard the evidence and reported his findings to the Court. The Chancellor confirmed the report, and entered judgment dismissing the petition and awarding appellee, Stanaford, $634.92 on his counterclaim. The case is before us for determination of the legality of certain claims set up in the counterclaim, and of the sufficiency of the evidence in respect to the entire account.

The controversy between the parties arose after the expiration of the fiscal year ending December 31, 1940, when appellant directed his bookkeeper to prepare a settlement of accounts between him and appellee. The audit showed a shortage in Mr. Stanaford's accounts. Appellant thereupon refused to permit him to collect the taxes in Magisterial District No. 6, and to perform other duties, which he insists he was entitled to do under the contract hereinbefore referred to. The Chancellor

upheld the contract, which appellant contends is unenforcible as against public policy.

KRS 70.030, in so far as pertinent, recites: "* * * the sheriff may, * * * appoint his own deputies, and may revoke the appointment at his pleasure. * * *."

The contract is in the following words and figures:

"July 3—1937

"This a contract entered by Julius Daniel if elected Sheriff Elijah Stanaford is to Sheriff No. 6 District and is to have 4 cents to the dollar for collection of all taxes non residents and all and is to have the same right to summons *Juriors* as any other officer and if any other Deputy sworn in he is to name the party and I agree to have him sworn in and he is to have the full term of 4 years and Elijah *Stanford* is to wait on Courts when in town and is to get his part of going to as a *gard* to Frankfort.

"(Signed) Julius Daniel
"(Signed) Elijah Stanaford."

It is apparent that, in so far as the contract purports to vest in appellee tenure of office or the right to perform the duties therein recited, against the will of appellant, it is in contravention of the statute, supra. The purpose of the statute is to permit the Sheriff at all times to have full control of his office and deputies; indeed, its purpose was to prevent the enforcement of contracts such as the one under consideration, in which the Sheriff, before election, in his zeal to win the office, might tie his own hands in such manner as to be unable to properly perform his duties to the public. Since the mandate of the statute is so plain, we have no hesitancy in refusing the claim of compensation for services which appellant refused to permit appellee to perform in the year 1941. This leaves two items set out in the counterclaim as valid credits to appellee in a proper settlement of the accounts. These items are:

4% commission on taxes paid to appellee by residents of Magisterial District No. 6 in the year 1940, ..................... $187.73

4% commission on taxes collected in the

office of the Sheriff from nonresidents and corporations owning property in Magisterial District No. 6 in the year 1940,                                      68.12

Total Credits                              $255.85

These services actually were rendered by appellee; and it is not contended by appellant that he should not be credited with the commissions thus earned. The evidence introduced by appellant is of such character as to be of no assistance in a determination of the accounts. Appellant himself testified that the audit of the accounts was made by his bookkeeper, Wiley Hall. Appellant could not, and did not, attest the veracity of the audit; did not file any statement of the account with his evidence; but asserted merely that the amount shown by the audit was just, due, and owing to him by his deputy. This testimony amounted to a mere conclusion, without support of recited facts. Mr. Hall testified that he audited the account, and allowed all legal credits which he conceived to be due Mr. Stanaford; and that the audit showed the deputy to be indebted to the Sheriff in the sum of Two Hundred Fifty-Two Dollars and Forty-Four Cents ($252.44). He did not file any statement of the account, or otherwise indicate the nature or amount of the credits. This testimony amounts to a mere conclusion, without being supported by recited facts. However, appellee's own testimony shows that he is indebted to appellant at least in the sum of $164.39, after his claim has been deleted of the items we have hereinbefore determined were not legally allowable to him. He admitted in his testimony that he had not remitted to the Sheriff $420.24 of the taxes collected by him in the year 1940. That being true, appellant was entitled to recover of appellee, and the surety on his bond, the sum of $164.39.

The judgment is reversed, with directions that it be set aside and another entered in conformity with this opinion.