**MULBERRY et al. v. KITCHEN.**

Court of Appeals of Kentucky.

March 21, 1952.

J. C. McKnight, Georgetown, for appellants.

Bradley & Bradley, Georgetown, for appellee.

LATIMER, Justice.

Prior to the General Election of November, 1945, appellants and appellee orally agreed that appellee would seek the Democratic nomination as sheriff of Scott County in the August primary; that appellee would publicly announce that in the event of his nomination and election he would name appellants as his deputies for the four-year term and that appellants and appellee would share equally the expenses of the race. The alleged oral agreement further provided that the net income from fees, and commissions from the collection of taxes, would be equally divided among the sheriff and his two deputies during the four-year term, and for the additional period should appellee qualify as special tax collector after the expiration of his term.

Appellee was nominated and elected sheriff. Pursuant to agreement, he appointed appellants as his deputies who duly qualified as such and served until the expiration of the four-year term. Appellee qualified as special tax collector and collected the remainder of the 1949 taxes. Appellants performed no service in connection with the office of special tax collector. They, however, made demand upon appellee for their share of the commission as per alleged agreement. Upon his refusal, appellants instituted this action.

By amended petition, appellants set out the oral contract, but alleged that they had performed fully their part of the contract, thus taking it out of the provisions of the Statute of Frauds. KRS 371.010. Appellee's demurrers to both the petition and the amended petition were sustained. Further pleading having been declined, the cause was dismissed.

Appellants are here contending that the court erred in sustaining demurrers to the petition and amended petition. They insist that inasmuch as appellee admits by his demurrers the allegations of full performance he cannot rely upon the fact that the oral agreement could not be performed within a year. Consequently, it is insisted that by full performance, the contract is taken out of the Statute of Frauds. In support of their position appellants cite: Maloney v. Maloney, 258 Ky. 567, 80 S.W.2d 611; Wilson v. Adath Israel Charitable & Educational Ass'n's Agent, 262 Ky. 55, 89 S.W.2d 318; Smith v. Cloyd, 260 Ky. 393, 85 S.W.2d 873. We are not in disagreement with the rule laid down in the above cases, which, however, deals with the matter of part performance. Admittedly, appellants performed no services beyond the four-year term of the sheriff. The alleged full performance relates only to that four-year term.

Part performance does not take the entire contract out of the statute and affects only that part of the contract which has been performed. In Purcell v. Campbell, 261 Ky. 644, 88 S.W.2d 670, Purcell was appointed chief deputy for Sheriff Campbell pursuant to an agreement something similar to the one in the instant case. Purcell served for about a year when Campbell discharged him without cause. It was held that the remainder of the contract was unenforceable as it was clearly within the Statute of Frauds. See also Daniel v. Standard Accident Ins. Co., 301 Ky. 536, 192 S.W.2d 483, 484.

In the case of Daniel v. Standard Accident Ins. Co. the pertinent part of KRS 70.030 is recited, namely: "* * * the sheriff may, * * * appoint his own deputies, and may revoke the appointment at his pleasure. * * *" It was said: "It is apparent that, in so far as the contract purports to vest in appellee tenure of office or the right to perform the duties therein recited, against the will of appellant, it is in contravention of the statute, supra. The purpose of the statute is to permit the Sheriff at all times to have full control of his office and deputies; indeed, its purpose was to prevent the enforcement of contracts such as the one under consideration, in which the Sheriff, before election, in his zeal to win the office, might tie his own hands in such manner as to be unable to properly perform his duties to the public. Since the mandate of the statute is so plain, we have no hesitancy in refusing the claim of compensation for services which appellant refused to permit appellee to perform in the year 1941."

It must be kept in mind that the office of special tax collector is separate and distinct and the person appointed thereto must execute special bond therefor. It is readily observable, therefore, that the oral agreement relative to a division of the fees obtained from services rendered in connection with this special office was an agreement that could not possibly be performed until more than four years after the agreement was entered into. According to the allegations, the agreement rested on the condition that the sheriff elect or decide to become the tax collector. This clearly indicates that the sheriff, after his term of office expired, could either have elected to be the special tax collector or could have refused. Had he refused, certainly appellants would have had no claim. Under the statute above mentioned at any time during the term of office the sheriff could have terminated the service of his deputies. In this special office of collecting taxes, appellants performed no service whatsoever. The court properly sustained the demurrers to the petition and amended petition.

The judgment is affirmed.