Dant v. Head.

CASE 42—PETITION—JUNE 10.

# Dant v. Head.

APPEAL FROM MARION CIRCUIT COURT.

1. An agreement "not to be performed within one year," within the meaning of the statute of frauds, is such an agreement as is not to be performed by either party within one year. The statute does not apply to an agreement which is to be performed by one of the parties within that time.

    Plaintiff being the owner of a lease on certain lands, on which was a distillery, sold his interest in the property to defendant, and at the same time sold defendant his interest in a trade-mark in use at said distillery. The deed conveying the lease recited the transfer of the trade-mark in consideration of one hundred dollars per annum during the time of the lease, which was eight years. Defendant accepted the property and made one payment. He resists the collection of the second on the ground that the contract is within the statute of frauds, as it was not to be performed within one year. Held—That the contract is not within the statute.

2. Sale of Trade-mark—Fraudulent Representations.—The averment that the plaintiff had, by the manufacture of a large lot of whisky of an inferior quality, impaired the value of the brand, and had fraudulently concealed the fact from defendant, and fraudulently represented the brand to be of good repute, and that it was purchased by defendant upon the faith of that representation, constitutes a good defense to an action to recover the purchase price of the trade-mark.

3. A trade-mark affixed to articles manufactured at a particular place may be lawfully sold and transferred with the establishment.

4. Judgment for Debt not Due when Action was Begun.—If a plaintiff who has a lien for a debt due, and also for a debt not due, upon property which he seeks to subject, states both claims in his petition, he may, upon a mere suggestion of record that the debt not

Dant v. Head.

due when the action was commenced has become due *pendente lite*, have judgment for a sale of the property therefor, but a mere suggestion of record will not authorize judgment on a note not due when the action was commenced. unless there is a lien on property to secure it, a supplemental pleading is required.

ROWNTREE & LISLE FOR APPELLANT.

1. Upon demurrer all pertinent allegations of the answer, and all proper deductions therefrom, are to be taken as true. (Morgan v. Ballard, 1 Mar., 558; Smith v White, &c., 1 B. M., 16.)

2. If legal rights are pursued in equity the legal operation of the statute must prevail. (Field v. Wilson, &c., 6 B. M., 480; Brunk v. Means, &c., 11 B. M., 218; McDonald's Ex'r v. Underhill's Ex'r, 10 Bush, 590.)

3. There is an implied warranty in sales of personalty that the vendor owns the thing sold. (Chism v. Woods, Hardin, 532; Payne v. Rodden, 4 Bibb, 304.)

4. A trade-mark has no intrinsic value. (Laird v. Wilder & Co., 9 Bush, 132, Avery & Sons v. Meikle & Co., 81 Ky., 81.

HARRISON & BELDEN FOR APPELLEE.

1. A contract which is fully performed by one of the parties is not within the statute of frauds, although it is not to be performed by the other party within a year (3 Met., 580, 1 Duv., 219; 16 B. M., 630; Smalley v Green, 52 Iowa, 241; Donelan v. Read, 3 B. & Ad., 899; 38 Iowa, 81.)

2. Plaintiff is estopped by the deed from denying the sale or its terms, and the acceptance of it should be equally binding on defendant. Estoppels bind both parties mutually.

3. There can not be a rescission of the contract without a return of the brand.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

September 12, 1881, appellee, in consideration of four thousand dollars, sold and conveyed to appellant his interest in a tract of land leased jointly with B. F. Bryant from R. C. O'Bryan for ten years, beginning June 1, 1879, upon which was a distillery.

The deed, in addition to the contract for sale of the realty, contained the following: "It is hereby covenanted and agreed that said F. M. Head, party of the

first part, for and in consideration of one hundred dollars per annum, payable at the end of each year during the time of the present lease from R. C. O'Bryan, which is eight years from June 30, 1881, sells, conveys and confirms unto said J. B. Dant, his heirs, executors and assigns, all his right, title and interest in or to a certain distiller's brand, known to the trade as 'F. M. Head & Co.' To have and to hold all and singular the above mentioned premises, together with all and singular the appurtenances," &c.

November 28, 1883, appellee instituted this action for judgment on the second installment of purchase price of the brand mentioned, which became due September 12, 1883, the first having been paid, and judgment also upon the remaining six installments, to take effect as they respectively become due. The judgment rendered was for recovery of the second installment, together with interest, and that defendant be required to show cause by the next term of court why he should not be adjudged to pay these other installments, which the plaintiff suggested to the court had then become due and remained unpaid. Power to enforce payment of the other installments from time to time was reserved.

Section 135, Civil Code, provides: "A party may be allowed on motion to file a supplemental pleading alleging material facts occurring after the filing of the former pleading; but if a plaintiff, having a lien for a debt due and a debt not due upon property which he seeks to subject, state both claims in his petition, he may, upon a suggestion of record that one of them has become due, *pendente lite*, have judgment for a sale of the property therefor."

A plaintiff may, under that section, by supplemental pleading, allege another or other notes of the same series, and given for the same consideration as the one sued on, have become due during pendency of the action, and have judgment therefor. But it does not seem to us a mere suggestion on record of such fact was intended to authorize judgment on a note not due when the action was commenced, except when a lien on property to secure it exists. It thus results the only judgment appellee was entitled to as the the record stands, if any at all, was for amount and interest of the installment sued on.

The main defense set up in the answer, to which a general demurrer was sustained, is, that the agreement sued on is not enforceable, because within operation of section 1, chapter 22, General Statutes, as follows: "No action shall be brought to charge any person * * * * upon any agreement which is not to be performed within one year from the making thereof, unless * * agreement * * * or some memorandum or note thereof be in writing, and signed by the party to be charged therewith, or by his authorized agent; but the consideration need not be expressed in writing; it may be proved when necessary, or disproved by parol or other evidence."

It was definitely settled by this court as early as Roberts v. Tennell, 3 Mon., 247, that a parol agreement to pay money, though not to be done within a year, is not void if the consideration be legal. In that case a distress warrant for rent, payable in two years, was issued, and the court said: "On a verbal lease for more than a year no action will lie; but as the

statute has not declared the lien void, any use may
be made of the lease by either party, except that of
maintaining an action upon it. The lessee, therefore,
in case he enters in virtue of the lease, may use it
for the purpose of showing he is no trespasser; and
after he has enjoyed the leased premises for a term,
he will be liable for the rent, not upon the express
contract, but upon the contract implied by law from
his use and occupation of the premises; and in such
an action either party, we apprehend, may avail him-
self of the express contract to show the amount of
rent to be recovered."

In the same case it was held an action can not be
maintained upon an agreement the borrower shall re-
pay at the end of two years money loaned, because,
by the terms of the agreement, it is not to be per-
formed within a year from the making thereof. But
it was said : "To give the statute the effect of mak-
ing the contract void, and thereby utterly preventing
the lender from recovering the money lent, or if he
be allowed to recover the money upon the implied
contract resulting from the loan, to give to the stat-
ute the effect of not permitting the borrower to pre-
vent the recovery of the money lent before it is due,
or of a higher rate of interest than is due by the
terms of the contract, would be extending the op-
eration of the statute beyond its letter, and instead
of making the statute the means of preventing frauds,
it would be converting it into an instrument of fraud
and injustice. It most certainly could not be said
to be demanded by the reason and spirit of the stat-
ute."

In Berry, &c., v. Graddy, Adm'r, 1 Met., 553, by a verbal agreement, Belt, the decedent, induced appellee, who had married his niece, to abandon his determination to remove from the State and incur expense of purchasing a farm, by verbally agreeing to pay a certain amount of the price in three annual installments. Graddy was to and did perform his part of the agreement within a year, and his right as administrator to credit for the amount was held to be unquestionable, according to the doctrine settled in Roberts v. Tennell. But although it was then said to have been decided in England and some of the American courts that in such case the statute of frauds does not apply, and an action will lie for non-performance of the agreement by the other party, it was not deemed necessary to decide whether or not the doctrine could be sustained on principle, the right of Graddy to the amount claimed being placed on the common law right of *retainer* for the debt due under the verbal contract.

In Montague v. Garnett, 3 Bush, 298, it was held there was a distinction between contracts executed in part or whole, and one wholly to be executed by both parties; but the right of the plaintiff to recover for the pork and corn loaned to the defendant was based alone upon the implied contract to return or pay for the articles, simply because the agreement was not to be performed within a year, although the statute was then said to have been "never designed to enable one man to get property of another by virtue of a parol contract, and then refuse to either execute the contract or return the property."

It now seems to us the statute was intended and does properly apply only to an agreement that is not to be performed by either party within a year, but not to one which is to be or has been performed by one or either of them within such period, and that construction has been adopted elsewhere. (Atchison, T. & S. R. Co. v. English, 16 Pacific Rep., 82; McClellan v. Sanford, 26 Wis., 595; Curtis. v. Sage, 35 Ill., 22; Berry v. Doremus, 30 N. J. Law, 403; Haugh v. Blythe, 20 Ind., 24; Smalley v. Green, 52 Iowa, 241; Blanding v. Sargent, 33 N. H., 239.) For if the practical effect and operation of the statute is, as has been uniformly held by this court, in every case where one party has performed an agreement within a year, to hold the other party liable on such agreement, although he is not to perform within a year, such should be construed and held to be the meaning and import of the language used. In fact, the statute properly applies to agreements that are wholly executory; and one which has been performed by one of the parties within a year is, to that extent, executed, and can not, with propriety, be called an agreement to be performed within a year. In this case the agreement is set out in the deed which was accepted by the appellant, and recorded. The distiller's brand, which is the consideration for the amount he agreed to pay, was received, used, and is still his property, and to permit him to evade payment under cover of the statute would serve to pervert the purpose of it without any reason. The defense that the distiller's brand was not a subject of sale and transfer, and, therefore, formed no consideration for the alleged agreement, because

the use thereof by another than F. M. Head & Co. was deceptive, is not valid; for it is well settled that a trade-mark affixed to articles manufactured at a particular place may be lawfully sold and transferred with the establishment. But it is stated in the answer that appellee fraudulently represented the distiller's brand to be of good repute, and it was purchased by appellant upon faith of that representation, although appellee had, by the manufacture of a large quantity of inferior whisky, impaired and destroyed the value of the brand, which fact he fraudulently concealed from appellant.

It seems to us that allegation, if true, constitutes a defense, and it was error to sustain the demurrer to the answer, and the judgment must be reversed for further proceedings consistent with this opinion.