## Beckett-Iseman Oil Company v. Backer.

(Decided September 30, 1915.)

### Appeal from Wayne Circuit Court.

1.  Frauds, Statute of—Oil and Gas Lease.—An oil and gas lease giving the lessee the right to explore land and remove oil and gas therefrom conveyed an interest in land and is required by the Statute of Fraud to be in writing.

2.  Frauds, Statute of—Oil and Gas Lease—Assignment.—The assignment of an oil and gas lease, required by the Statute of Fraud to be in writing, must also be in writing.

3.  Frauds, Statute of—Memorandum in Writing—Sufficiency.—A memorandum, in order to be sufficient under the Statute of Fraud, must itself afford the means of identifying the subject matter of an action; and where the only description in the several writings relied on is "your proposition on the 1400 acres in Wayne Co., which we have had some correspondence in regard to," such description is not sufficient.

4.   Frauds, Statute of—Partial Performance.—Merely telling a driller
     to start drilling on an oil and gas lease will not take a parol
     assignment thereof out of the Statute of Fraud.

KENNEDY & KENNEDY for appellant.

O. H. WADDLE & SON and HARRISON & HARRISON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Reversing.

On October 2, 1913, the widow and heirs of Carl Heavenrich executed to George E. Backer an oil and gas lease upon 1,408 acres of land lying in Wayne County, Kentucky, and Pickett County, Tennessee. By the terms of the lease, Backer was authorized, for the period of one year, to enter upon said property for the purpose of drilling wells and exploiting the same for oil and gas. In case either oil or gas was found, his rights under the contract were to continue so long as oil and gas could be produced in paying quantities. The lessee was given the privilege of erecting buildings, pipe lines and all things necessary on the property for the proper development thereof. In consideration of the premises, the lessee agreed to deliver to the lessors one-tenth of all the oil produced from the leased premises, and also to pay the lessors $200 per year for the gas from each and every gas well drilled on the premises. During the latter part of the year 1913, the lessee took possession of the premises and, after erecting and installing the necessary machinery, began the drilling of a well. Some time later he began negotiating with D. A. Cunningham, the president of the Beckett-Iseman Oil & Gas Company, for the sale of the lease to that company. Claiming that the sale was consummated in January, 1914, for the price of $3,000, which the company agreed, but refused to pay, Backer brought this suit against the company to recover the purchase price. A trial before a jury resulted in a verdict and judgment for Backer. The company appeals.

The principal question presented for decision is whether or not the assignment of an oil and gas lease should be in writing and whether or not the writings in evidence constitute a sufficient memorandum under the statute of frauds. It is well settled that oil and gas are minerals and are a part of the realty, and a lease giving to the lessee the right to explore certain lands and re-

move therefrom the oil and gas is a contract for the transfer and sale of an interest in lands and is required to be in writing. Thornton on "The Law Relating to Oil and Gas," Sec. 291; 20 Cyc., 215; Williamson, et al. v. Jones, 25 L. R. A., 222; Wilson v. Youst, 39 L. R. A., 292; Riddle v. Brown, 20 Ala., 412; Lear v. Chauteau, 23 Ill., 39; Huff v. McConly, 53 Pa., 206; Enstwhistle v. Henke, 211 Ill., 273, 71 N. E., 990; Ramage v. Wilson, 37 Ind. App., 532, 77 N. E., 368; Henry v. Colby, 3 Brewst. Pa., 171, 10 A. & E. Ann. Cas., 100. It is likewise the rule that, where the lease itself is required to be in writing, the assignment thereof must also be in writing, a parol assignment being within the statute of frauds. Chicago Attachment Company v. Davis Sewing Machine Company (Ill.), 15 L. R. A., 754; Durand v. Curtis, 57 N. Y., 11; Carter v. Hamlett, 12 Barb., 262; Briles v. Pace, 35 N. C., 279; Benton v. Schulte, 31 Minn., 312.

But it is insisted by plaintiff that as Cunningham told the driller in charge to start the drilling, the company thereby took possession of the leased premises, which act on the company's part constituted a partial performance of the contract and took the case out of the statute. Whatever may be the rule in other jurisdictions, it is the settled law in this State that, with the exception of contracts not to be performed within a year, part performance will not take the case out of the statute, though a party may have equitable rights which he may enforce. Dant v. Head, 90 Ky., 255, 13 S. W., 1073, 29 Am. St. Rep., 369; Usher's Exr. v. Flood, 83 Ky., 552, 17 S. W., 132.

Since the assignment of the lease is required by the statute of fraud to be in writing, it remains to determine whether the writings in evidence are sufficient. On December 31st, 1913, the company wrote plaintiff the following letter:

"Indiana, Pa., Dec. 31, 1913.

"Mr. Geo. E. Backer,
  "Monticello, Ky.

"Dear Sir:

"Our people were together yesterday and talked over your proposition on the 1,400 acres in Wayne Co., which we have had some correspondence in regard to.

"If our people decide to take up the proposition, you will accept $3,000 cash in full, as soon as conditions are complied with?

"The value of a property of that kind is very much depreciated on account of its inaccessibility, the inconvenience and expense of operating; if a production was obtained on it, and the difficulty in getting efficient reliable men to locate in a place of that kind, to look after the operations. It would make all the difference in the world if the property was located where it was more easy of access.

"If you will consider this proposition, we would be glad to hear from you at your convenience, and when the details were consummated, we would want to put a man on the ground to remain during the drilling and completion of the well.

"Please let us hear from you as early as you can, as we have three or four other propositions on hand that we want to give attention at once, if we do not take yours up.

Yours truly,<br>"Beckett-Iseman Oil & Gas Co.,<br>By D. A. Cunningham, Prest."

Thereupon plaintiff sent the following telegram:

"9 Pd. N. L. Mont. Ky.

"D. A. Cunningham,
"Indiana, Pa.

"Your letter received, will take thirty-five hundred and complete the well through the sand, one-half down, the balance deposited in bank here to be paid me when contract is completed. The well is being drilled now and ought to be finished in ten days with good luck.

"George E. Backer."

In response to this message, the company, on January 3rd, sent plaintiff the following night letter:

"Night Letter. Telegram.<br>"Indiana, Pa., January 3, 1914.

"Geo. E. Backer,
"Monticello, Ky., via Somerset, Ky.

"Message received. If you make it Three Thousand Dollars we will do business, provided other conditions are as represented by you. Representative would leave here next week. Well must be closed down till representative gets on ground. Letter following.

"Beckett-Iseman Oil & Gas Co.,<br>By D. A. Cunningham."

In response to the latter telegram, plaintiff, on January 4th, sent the following message to the company:

"34 N. Letter Pd., Jan. 4, 1914.

"Monticello, Ky., Jan. 4, 1914.

"Beckett-Iseman Oil Co.

"Indiana, Pa.

"Will accept your offer if taken immediately; send on representative at once; it is too cheap, but I am not in position to take the chances; I will be in Monticello all this week.

"Geo. N. Backer."

It is the rule in this State that the subject matter of a contract must be contained in the contract and the writing or memorandum relied on must afford the means of identification. Unless it does, the contract is within the statute of frauds. Brice v. Hays, 144 Ky., 535; Bates, et al. v. Harris, et al., 144 Ky., 399. Passing other objections to the sufficiency of the writings, it is plain that they do not sufficiently identify the subject matter of the contract. Nowhere is the lease, which it was proposed to sell, described, nor is there any description of the lands covered by the lease, by which they could be identified with reasonable certainty. The only description of the lease or lands is in the company's letter. of December 31st, where the following language is used: "Our people were together yesterday and talked over your proposition on the 1,400 acres in Wayne Co., which we have had some correspondence in regard to." The writing is silent as to the particular location of the 1,400 acres. It does not mention the owner of the lands or identify them as belonging to any particular party; nor does it define, in any way, the proposition made by the plaintiff; nor does the plaintiff, who was the vendor or assignor, render the descriptions any more specific by the telegrams which he sent. They merely accept, in a conditional way, the proposition made by the company, without indicating what that proposition was. We, therefore, conclude that the writings are wholly insufficient to take the case out of the statute.

The trial court should have directed a verdict in favor of defendant.

Judgment reversed and cause remanded for proceedings consistent with this opinion.