## Prichard Coal Company v. Fields.

(Decided June 15, 1926.)

Appeal from Laurel Circuit Court.

1. Frauds, Statute of.—Lease giving right to mine and remove coal from land must be in writing.

2. Frauds, Statute of.—Oral coal mining lease is sufficient to protect lessee as to coal already mined, giving him right to remove such coal on payment of stipulated royalty.

HENRY C. HAZLEWOOD and GEORGE G. BROCK for appellant.

FINLEY HAMILTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The Prichard Coal Company, which owns the coal in certain land in Laurel county, brought this action against Elbert Fields to enjoin him from mining and taking its coal. Fields defended on the ground that he acted under an oral lease. On final hearing the petition was dismissed, and plaintiff appeals.

According to appellee, appellant leased him the coal in the spring of 1920. He was to pay appellant a royalty of twenty-five cents a ton. No definite period of time was agreed on. It was just to get out the coal under the two acres of land. He went to work under that agreement,

mined some coal and paid the royalty to appellant. In November, 1920, he was notified to pay the royalty to Bowman Quinn & Company. After that he paid some royalty to that company, but then ceased to mine the coal and did not renew his operations until about June, 1922. After mining some coal he was informed by Bowman Quinn & Company that they had a lease on the premises. A few days before the injunction was served he was notified to cease operations. At the time the injunction was served he had uncovered about five tons of coal. W. R. Goforth testified that the lease was made with him and Fields. He did not remember how long they were given to get the coal out. He went to work and worked until the coal got bad and quit. He never intended to do any more work unless the coal brought better prices.

We held in Beckett-Iseman Oil Co. v. Backer, 165 Ky. 818, 178 S. W. 1084, that oil and gas being minerals are a part of the realty, and that a lease giving to the lessee the right to explore certain lands and remove therefrom the oil and gas is a contract for the transfer and sale of an interest in the lands and must be in writing, and, of course, the same rule applies to a lease giving one the right to mine and remove coal from the land of another. Huff v. McCauley, 53 Pa. State 206, 91 Am. Dec. 203. As the lease under which appellant claims to have been operating was not in writing, it was not enforceable. However, it was sufficient to protect appellee to the extent of the coal already mined, and to give him the right to remove such coal on the payment of royalty. Subject to this right the chancellor should have granted an injunction restraining appellee from thereafter mining or removing any coal from the premises.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.