## Salyers v. Kenmont Coal Company.

(Decided December 4, 1928.)

### Appeal from Perry Circuit Court.

1. Master and Servant.—Ky. Stats., secs. 4883-4886, authorizing Workmen's Compensation Board to allow compensation for medical and surgical treatment in not exceeding certain sums, and to regulate such fees and charges, do not prevent employer from contracting to pay physician reasonable sum for services to such injured employees as may be entitled to compensation under Workmen's Compensation Act.

2. Frauds, Statute of.—Employer's oral contract with physician for rendition of services required by Workmen's Compensation Act (Ky. Stats., sec, 4880 et seq.) to injured employees for indefinite period held not within statute of frauds (Ky. Stats., sec. 470, subsec. 7), as contract not to be performed within a year.

3. Frauds, Statute of.—Ordinarily, a contract which may be performed within a year, or a contract for personal services which may be terminated by either party within such time, is not within statute of frauds (Ky. Stats., sec. 470, subsec. 7); but a definite contract, not continuing at will of parties, for doing of something which cannot be done within a year, is within statute.

4. Frauds, Statute of.—One performing services, for which he has not been paid, under indefinite continuing contract, as for rendition of medical services to injured employees of party contracting therefor, before termination of contract by either party, may sue for such services in accordance with terms of contract.

T. E. MOORE, JR., and NAPIER & HELM for appellant.

J. W. CRAFT for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant is a physician and surgeon. He alleged, in his petition, that about the 1st day of June, 1920, he entered into an oral contract with appellee whereby he agreed to render such medical and surgical aid, treat-

ment, and services as might be required by the terms of the Workmen's Compensation Act (Ky. St. sec. 4880 et seq.) to such of appellee's employees as might be injured in and about its mines located near Jeff, in Perry county, Kentucky. He alleged that the contract was to remain in force for an indefinite period; that appellee was indebted to him in the sum of $2,739 for medical and surgical services rendered by him at its special instance and request and in accordance with the terms of the contract and while the same was in force. He set out, in his petition, a list of employees to whom he had rendered such services, the number of his treatments, the number of operations, and the amount that he was entitled to recover in each case. He alleged that by the terms of the contract he was to be paid a reasonable amount for the services so rendered, and that the charges made by him as set out in his petition were reasonable. He filed an amended petition, which served only to make his allegations more definite and certain. A general demurrer was interposed by appellee to the petition, and was sustained by the court; but, after the amended petition had been filed, the court overruled the demurrer. Whereupon appellee moved the court to require the appellant to make his allegations more definite and certain, in that he be required to set the date that the contract was entered into, the date that he commenced work, and the date that he ceased work. In response to the motion appellant filed an amended petition, in which he alleged that the contract was made about the middle of May, 1920, that he began work June 1, 1920, and that his employment ceased July 1, 1923.

The appellee filed an answer in several paragraphs, in which it attempted to set up a number of defenses. A demurrer was interposed by appellant to some of the paragraphs of the answer, and, upon consideration, the court carried the demurrer back to the petition as amended and sustained it. We have before us, therefore, the sole question as to whether the petition as amended states a cause of action.

The appellee insists that the appellant must seek his remedy, if any he has, before the Workmen's Compensation Board, and for that reason the court had no jurisdiction. It is true that section 4883, Ky. Stats., vests the Workmen's Compensation Board with authority to allow compensation to the injured employee for medical, sur-

gical, and hospital treatment, including nursing and medical and surgical supplies and appliances. The compensation so allowed shall be such as may be reasonably required at the time of the injury and thereafter during disability, but shall not exceed 90 days in its duration, nor a total expense to the employer of more than $100, unless the Workmen's Compensation Board shall direct an extension of the period of treatment and an increase of the limit of expenses. But the increase in compensation to cover such expenses shall not exceed $200. It is also true that sections 4884, 4885, and 4886, Ky. Stats., further confers upon the board authority to regulate such fees and charges. By the specific provisions of section 4886, Ky. Stats., the board is given authority to regulate such fees and charges. It seems to us, however, that there is nothing in these sections which would prevent an employer from making such a contract as appellant alleges was made with him. No question of the reasonableness of the fees and charges is involved here. If the Workmen's Compensation Board, in passing upon the claims of the injured employees, should have fixed what was a reasonable charge for the services rendered, probably appellee could rely upon the amount so fixed, if there should be a disagreement between it and appellant. The contract with appellant was not to pay a fixed sum, but only a reasonable sum, for the services. There is nothing in the law which would prevent the employer from rendering additional services to its employees over and above that prescribed by the statutes. We do not know what the facts may disclose, as we have before us only the allegations of the petition that appellant was employed to render medical and surgical attention to such employees as might be entitled to compensation, to be allowed through the Workmen's Compensation Board. There was nothing in the contract, according to the allegations of the petition, relating to sums allowed by the Workmen's Compensation Board. It seems to us, therefore, that the contract, if made, was one not in contravention of public policy or the statutes.

Appellee contends that the petition, on its face, shows that the contract is within the statute of frauds, as defined by subsection 7 of section 470 of the Kentucky Statutes. It relies on the case of Mullikin v. Miles, 204 Ky. 541, 264 S. W. 1086. The facts in that case are not similar. In that case it was averred that the sheriff,

Miles, had agreed to appoint Mullikin a deputy sheriff
for the term of four years, and that he appointed him
and he served for a while, when he was discharged by
the sheriff. His action was not to recover for services
already performed, but it was an action to recover dam-
ages which he claimed he had suffered in consequence of
the breach of the oral contract. This court, in its opinion,
stated that it must be borne in mind that the averments
of the petition were to the effect that the contract was for
a term of four years, and that the deputy sheriff was to
be in the office of the sheriff for the entire term. The
court held properly that the contract was within the
statute of frauds. In the case before us the petition al-
leged that the contract was for an indefinite period. It
was a contract for personal services.

Appellee argues that the case is controlled by the
opinion in the case of Cumberland & Manchester Rail-
road Co. v. Posey, 196 Ky. 379, 244 S. W. 770. In that
case an engineer made a contract with the railroad com-
pany on April 17, 1915, that he would work for it until a
certain line of road was built, for $125 per month, which
sum on July 31, 1916, was raised to $150 a month. He
claimed that it was agreed that, if he remained in the
employment of the company until the road was com-
pleted he would be paid a bonus of $1,000. The work was
completed July 26, 1917. He brought suit to recover the
alleged bonus. He admitted that he had been paid his sal-
ary. There was no claim, therefore, for services already
rendered. The court found that, so far as the bonus was
concerned, it was within the contemplation of the par-
ties at the time they made the contract that it would not
become due within a year, and for that reason it was held
that the contract, so far as the bonus was concerned, was
within the statute of frauds. In the case before us it is
alleged that the employment was for an indefinite term,
that the services had actually been performed, and that
nothing remained except for one party to pay the agreed
compensation. 25 R. C. L. p. 464, thus states the rule in
cases of that nature:

> "In such a case, however, the plaintiff may, in
> so far as he has performed, recover on a quantum
> meruit for the advantages or benefits received by
> the defendant, if the latter refuses to perform his
> part of the contract. Where the contract has been

fully performed by the plaintiff, as in case of a contract for services for a period longer than a year, and nothing remains to be done by the defendant but to pay the amount of the agreed compensation, it has been held that the contract may be enforced against the defendant according to its terms.''

Discussing such contracts, 27 C. J. p. 187, thus states the rule:

"A contract of hiring which fixes no definite time for its performance or termination is not within the statute."

In the case of Roberts v. Tennell, 3 T. B. Mon. (19 Ky.) 247, this court held that, although a contract might be within the statute of frauds, where an action was brought, not upon the express promise or contract, but on such as may be implied by law, for services actually performed, the suit was maintainable.

In the case of Myers v. Korb, 50 S. W. 1108, 21 Ky. Law Rep. 163, this court announced that it had been uniformly held that the statute does not apply to contracts that may be performed within a year. That was a case where a boy had been employed to learn the plumbing business. The court held that the contract was probably not within the statute of frauds, yet held to the doctrine that the boy was entitled to recover for services actually rendered, for which there had been a promise to pay, although the contract might be within the statute.

Ordinarily the rule is that, where a contract may be performed within a year, or where a contract for personal services may be terminated by either party within a year, it is not within the statute of frauds. This question is fully discussed in the case of Dickey v. Dickenson in an opinion written by Judge Hazelrigg, 105 Ky. 748, 49 S. W. 761, 20 Ky. Law Rep. 1559, 88 Am. St. Rep. 337. In the case of East Tennessee Telephone Co. v. Paris Electric Co., 156 Ky. 762, 162 S. W. 530, Ann. Cas. 1915C, 543, this court, in an opinion written by Judge Carroll, discussed the question at some length, and held to the doctrine that contracts for the performance of which no time is fixed, but which from their subject-matter admit of performance within a year, are not within the statute of frauds, although it is probable that the contract will be performed after the year. A further discussion of the same question is found in the case of Dant v. Head,

90 Ky. 255, 13 S. W. 1073, 12 Ky. Law Rep. 153, 29 Am. St. Rep. 369, written by Judge Lewis. Another leading case is that of Yellow Poplar Lumber Co. v. Rule, 106 Ky. 456, 50 S. W. 685, 20 Ky. Law Rep. 2006. The case of Elkhorn C. C. Co. v. Eaton, Rhodes & Co., 163 Ky. 306, 173 S. W. 798, is very much in point, and the question is fully discussed in an opinion by Judge Clay.

In the case of Dysart v. Dawkins Log & Mill Co., 222 Ky. 415, 300 S. W. 906, this court discussed at length the question of personal service contracts, where the time of employment is indefinite. The court there held that such a contract, nothing to the contrary appearing therein, must be construed as giving either party the right to terminate it at any time. It is true, in that case, the court held that the contract was within the statue, because it appeared that it was not to be performed until more than one year after the making of the contract. If the reasoning in that case is applied to the other cases cited, the conclusion must be reached that a contract for personal service which may be terminated within a year is not within the statute. If the contract, however, shows that it was not an indefinite contract, continuing at the will of the parties, but was for the doing of something which could not be done within a year, it is within the statute.

Here we have a case of an indefinite, continuing contract, where the services, if the allegations in the petition be true, were actually performed before the contract was terminated by the will of either party. A person who has performed services under such a contract, for which he has not been paid, may maintain an action for the services in accordance with the terms of the contract.

Judgment is reversed, and cause remanded, with directions to overrule the demurrer to the petition.