# M. Livingston & Company v. Congoleum-Nairn, Incorporated.

(Decided June 17, 1932.)

WHEELER, WHEELER & SHELBOURNE for appellant.

EATON & BOYD for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

The Congloleum-Nairn, Incorporated, is an Illinois corporation engaged in the manufacture and sale of floor covering. It brought this action against the M. Livingston & Co., a Kentucky corporation, doing business at Paducah, to recover a balance of $1,845.02 on an account for goods sold and delivered. By its answer the defendant pleaded, in substance, that, under its contract with the plaintiff, it was given a certain territory around Paducah, and it was agreed that it should have the exclusive sale of the goods in this territory, and that, in violation of this agreement, the plaintiff had sold goods to others in the territory, to its damage in the sum of $2,130. The allegations of the answer were denied by reply. Proof was taken, and the law and facts were submitted to the court, which made the following finding of law and facts:

"The court finds the facts to be that defendant entered into an oral contract with the plaintiff whereby plaintiff agreed that it would not sell to jobbers or wholesalers, other than the defendant, in the territory bounded by St. Louis, Missouri, Evansville, Indiana, Louisville, Kentucky, Nashville, Tennessee, and Memphis, Tennessee; and that defendant would be the sole and exclusive agent of plaintiff in territory contiguous to Paducah and bounded as aforesaid, having the exclusive right to purchase for resale goods for delivery to retailers, or job-

bers in said territory without competition as to the plaintiffs goods, except from jobbers in the cities above named, viz.: St. Louis, Missouri, Evansville, Indiana, Louisville, Kentucky, Nashville, Tennessee, and Memphis, Tennessee; that said contract was breached by the plaintiff by selling to jobbers in Cairo, Illinois, and Union City, Tennessee.''

"The court further finds as a matter of fact that more than one year elapsed between the making of said oral contract and the breaches of said oral contract referred to above.

"The court finds, as a matter of law, that said oral contract is unenforceable, because in violation of section 470 Kentucky Statutes, known as the Statute of Frauds and in particular subsection 7 of section 470, Kentucky Statutes. The court, therefore, finds as a matter of law that the defendant is not entitled to enforce its counterclaim or to recover thereon; and that the plaintiff is entitled to recover the balance due on its account.''

Judgment was entered for the plaintiff, and the defendant appeals.

The plaintiff's proof was that it made no contract with the defendant giving it an exclusive right to sell the goods in the territory named. But the proof for the defendant was that this was the agreement. As to how long the contract was to continue, only two witnesses testified. Harry Livingston said this: "Q. How long was the contract to run? A. As long as we kept selling their line of goods.'' L. B. Phipps said this: "Q. How long, was this contract to run? A. As long as M. Livingston & Company handled their goods.''

The first question presented is, Was the contract one "which is not to be performed within one year from the making thereof''? Ky. Stats., sec. 470, subsec. 7. Under the testimony, no length of time was fixed for the contract. The only testimony as to the length of the contract was, in substance, that it was to stand as long as the defendant handled the plaintiff's goods. They could quit doing this at any time, and therefore were only bound by the contract until they so quit. They could quit next month after the contract was made. In Dysart v. Dawkins Log & Mill Co., 222 Ky. 417, 300 S. W. 906, after referring to the case of Louisville & N. R. Co. v.

Offutt, 99 Ky. 427, 36 S. W. 181, 18 Ky. Law Rep. 303, 59 Am. St. Rep. 467, the court said: "That doctrine as approved by that opinion, is, that when the term of service is left discretionary with one of the parties, either of them 'has the right to terminate it at any time, and no cause therefor need be alleged or proven.' " To the same effect, see Salyers v. Kenmont Coal Co., 226 Ky. 655, 11 S. W. (2d) 705; Hudson v. Cincinnati, Etc., R. Co., 152 Ky. 711, 154 S. W. 47, 45 L. R. A. (N. S.) 184, Ann Cas. 1915B, 98; Yellow Popular Lumber Co. v. Rule, 106 Ky. 455, 50 S. W. 685, 20 Ky. Law Rep. 2006.

As the contract here was terminable by either party, it was not a contract not to be performed within a year, and therefore was not within the statute. Where from the nature of the contract it cannot be performed in a year and the parties so contemplated in making it, the contract must be in writing, East Tennessee, Etc., Co. v. Paris Electric Co., 156 Ky. 763, 162 S. W. 530, Ann. Cas. 1915C, 543; Cumberland, Etc., R. Co. v. Posey, 196 Ky. 379, 244 S. W. 770. But there is nothing here to bring this case within that rule.

The plaintiff had shipped to the defendant something over $20,000 worth of goods. The contract was a binding one until terminated by one of the parties, and, if the plaintiffs violated the contract before it was so terminated, the defendants may recover such damages as they sustained by the breach of the contract; for the defendants had bought the $20,000 worth of goods on the faith of the contract, and they had the right to demand that the contract be respected until it was terminated by one of the parties. The defendant may therefore recover on its counterclaim such damages as it sustained up to the time one of the parties exercised its right to terminate it.

The proof on the trial does not show definitely the damages sustained, but it does show that some damages were sustained, and on another trial the proof on this question may be fuller.

Judgment reversed, and cause remanded for a new trial.