**WABASH LIFE INSURANCE COMPANY,**
Appellant,

v.

**Earl Payne COMER, Appellee.**

Court of Appeals of Kentucky.

Dec. 8, 1967.

Rehearing Denied May 3, 1968.

Reginald L. Ayers, Bell, Orr & Reynolds, Bowling Green, for appellant.

Paul Carter, Douglas Carter, Tomkinsville, Whayne C. Priest, Jr., Charles E. English, Bowling Green, for appellee.

OSBORNE, Judge.

This is an action by Earl Payne Comer, appellee, against the Wabash Life Insurance Company, appellant, for breach of contract.

In 1964, and for some time previous, appellee had been an agent for the American Central Life and Disability Insurance Company under an agency agreement dated February 18, 1963, which agreement desig-

nated appellee as a "general agent." The agreement also designated him as a soliciting agent for a certain territory, allowed him to deal directly with the general office of the company, to have subagents and to receive commissions on the sales of subagents. In addition, he was also allowed vested commissions on certain renewal premiums.

On June 30, 1964, American Central merged with Wabash Life Insurance Company, the appellant herein. Under the merger agreement appellant, Wabash, assumed all agency contracts in force at that time. Appellee, as a general agent, was never notified of this provision in the merger agreement. As soon as appellee learned of the merger, he contacted Wabash relative to an agency agreement. They assured him that he would receive such an agreement. It is his contention that upon the basis of these assurances he kept his office open from June 30 to sometime in October awaiting an agency contract and was unable to do business. During this period of time, because of his inability to transact business, he lost a trained subagent and suffered damages to his reputation and good will in the community. Appellee's proof is calculated to show a loss in income for this period of time and for the time that will be required for him to develop his business back to the point where it was when appellant failed to meet these duties to him under the provision in the merger agreement. Appellee also claims that appellant is indebted to him for certain vested commissions on insurance sold prior to the merger. In October, appellee signed an agreement with another insurance comany for whom he was authorized to write policies. Later in the month, he was tendered and accepted a contract with Wabash purportedly only because this permitted him to transfer certain risks formerly covered by American Central to Wabash without requiring a waiting period. This new contract provided, "all former contracts, agreements or understandings between the parties hereto relative to business covered herein, if any, are hereby cancelled." The foregoing issues were tried before a jury which found for appellee in the amount of $15,000. Appellant Wabash prosecutes this appeal alleging many errors in the trial.

■ ■ The first error claimed is that the court should have instructed the jury that the October contract cancelled all prior existing obligations under prior contracts as a matter of law. We believe this contention is in error for several reasons. The circumstances of the agreement coming after a long period of disagreement and after appellee had given up on Wabash and signed with another company show that appellee accepted it as a drowning man accepts a straw—only because his back was to the wall and he had been placed in a position where he could not bargain or negotiate for this contract to replace the one in existence at the time of the merger. To so hold we would have to find that this contract acted as a substitution or an accord and satisfaction. Corbin says of such situations, 6 Corbin, Contracts, § 1293, p. 197, "It is a question of interpretation how far the new agreement operates as a discharge and how many antecedent claims are included and discharged * * *. If there are claims * * * for damages for breaches committed, these will be discharged by the substitution of the new executory agreement if such an intention is sufficiently expressed." We do not believe the facts herein demonstrate that Comer accepted the new contract as a substitute for the old and any rights he had thereunder. It did not contain the provisions that he had in the old nor that he had sought during the negotiations. The new contract did not provide for subagents nor grant the same right for vested commissions and it would have not served as an adequate basis upon which to operate an insurance agency such as had been operated under the American Central contract. We believe that it was accepted as the best way out of a difficult situation but certainly with no intention that it would be substituted for the other contract. In any event this fact was sub-

mitted to the jury under proper instructions and determined by them. We believe properly so.

The next question presented is whether appellee is precluded from recovering for loss of income during the period of time required to establish a new company in his agency. Appellant contends that recovery should not be allowed because the American Central contract was subject to termination at will by either party giving the other notice and even though Wabash never gave such notice they now contend that the fact that this could have been done at any time should preclude appellee from recovering damages for future loss of earnings. We have previously held where one party breaches a contract terminable at will damages are recoverable for the period of time the other party followed the contract. M. Livingston & Co. v. Congoleum-Nairn, Inc., 244 Ky. 533, 51 S.W.2d 678. Other jurisdictions have held where the company terminates without satisfying notice requirements the agent may recover for loss of income for future loss of earning. Bankers Service Life Ins. Co. v. Ray, 340 P.2d 255 (Okl.1959); Lone Star Life Insurance Co. v. Kunath, 322 S.W.2d 673 (Tex.Civ. App.1959). We believe the result reached in these cases is proper. Agency contracts normally continue until some misunderstanding or misconduct by one of the parties causes their termination. To allow the company here to defend upon the basis of what might have been, after the agency has expended money and time in building up the business on the assumption that the contract would not be arbitrarily terminated, seems unjust to us. Because the company could terminate the contract at will does not serve as a defense to an action for its breach.

Appellant next contends that appellee should not be permitted to recover for the full amount of his office expenses during that period of time while awaiting a contract from Wabash because he was an agent for another company. This conten-

tion was refuted by other facts and was properly left to the jury. They further contend that to permit recovery for the loss of a subagent would be too speculative. We believe this was a proper item for damages, Phillips v. Mid-Continent Life Ins. Co., 130 So.2d 791 (La.App.1961). Had appellant notified appellee of the provision in the merger contract relative to agents certainly he would not have suffered these losses and the mere fact that a loss is difficult to prove or may not be proven with absolute certainty will not prevent recovery for it. They further contend that it was error to introduce evidence as to Comer's costs in training a subagent. They did not object at the time, and the instructions to the jury did not allow this as an item of damages. We do not think this improper.

Appellant next contends that the loss of future income item was too speculative. They argue that Wabash was a new company and therefore Comer would not have been in any better position writing for them than he was with the company that he did select. However, there was testimony that Wabash had done business in the area for many years and enjoyed a good reputation therein and could have served as well for appellee as American Central. Especially would this be true after the merger. We believe this question was properly left for the jury to decide along with the contention that Comer could have done business with the group department. We find no merit with the contention that certain records concerning commissions earned while with American Central should not have been admitted. Since the merger, these records are now records of Wabash and as such properly a part of the evidence in this case. In any event they were only cumulative of other testimony.

Appellant next contends that the evidence of loss of good will and established reputation was not adequate to sustain an award of damages. We believe these are compensable items and we further believe that the evidence was sufficient to sustain

them. However, in this connection it should be pointed out that the jury verdict was a general one and for considerable less than the amount claimed by appellee, therefore, it is impossible for us to determine exactly which damage items were included and which were excluded. Appellant made no motion in the trial court that the damages be separated.

Finally, Wabash argues that the court improperly instructed the jury that it could find unpaid commissions due Comer under American Central policies in the sum of $416.60. They claim the maximum shortage should be $130.49. This is simply an evidence question. Comer testified to an amount of $416.60 and Wabash's witness to $130.49. Wabash argues that the contract makes their records final. However, they did not introduce their records and in lieu of such it was simply a question for the jury.

The judgment is affirmed.

WILLIAMS, C. J., and MILLIKEN and MONTGOMERY, JJ., concur.